UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

                    Plaintiff,

          -against-                                    20-CV-5602 (LGS)

J. RICHARD SUPPLE, JR.; HINSHAW &                      ORDER OF DISMISSAL
CULBERTSON LLP,

                    Defendants.

LORNA G. SCHOFIELD, United States District Judge:

          WHEREAS, Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity

jurisdiction, 28 U.S.C. § 1332.  Plaintiff brings suit against Defendant Supple and his former law

firm, Hinshaw & Culberston LLP, asserting claims for negligence, legal malpractice, and breach

of contract.  Before bringing this action, Plaintiff filed a substantially similar action against the

same defendants, which remains pending. *See Zappin v. Supple*, No. 3:20-CV-0210 (S.D. W. Va.

filed Mar. 23, 2020).  By order dated July 21, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*;

          WHEREAS, the Court must dismiss an *in forma pauperis* complaint, or portion thereof,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).  But "where, as here, the plaintiff is an attorney representing himself, he ordinarily "receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010);

WHEREAS, to establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  For the purposes of diversity jurisdiction, a limited liability partnership takes the citizenship of each of its partners, *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its general and limited partners); *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company "takes the citizenship of each of its members" for diversity purposes);

WHEREAS, Plaintiff alleges that he is a citizen of West Virginia, and Defendant Supple is a citizen of New York. (ECF 1 at ¶¶ 1-2).  Plaintiff alleges that "Defendant Hinshaw & Culberston LLP is a limited liability partnership organized under the laws of the State of Illinois and maintains its principal place of business at 151 North Franklin Street, Suite 2500, Chicago, Illinois." (*Id.* ¶3.).  Plaintiff does not plead any facts about the members of the limited liability partnership or the citizenship of each of such members;

WHEREAS, because Plaintiff does not plead facts about the citizenship of Defendant Hinshaw & Culberston, LLP, he fails to show complete diversity of citizenship.  *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). This action must therefore be dismissed for lack of subject matter jurisdiction.  Generally, a district court should allow a

plaintiff "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). It is hereby

      **ORDERED** that Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order repleading his allegations regarding diversity jurisdiction.  If Plaintiff fails to file an amended complaint within 30 days, or seek an extension of time to do so upon showing of good cause, the Court shall enter judgment dismissing this action for lack of subject matter jurisdiction.  It is further

      **ORDERED** that Plaintiff is advised that if he files an amended complaint showing that the Court has subject matter jurisdiction over this action, the Court is inclined to transfer the action to the United States District Court for the Southern District of West Virginia, where his first-filed action is pending, *see Zappin v. Supple*, No. 3:20-CV-0210 (S.D. W. Va. filed Mar. 23, 2020).  When two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit.  *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991); *Am. Steamship Owners Mut. Protection and Indemnity Assoc., Inc. v. LaFarge No. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007).  Therefore, if Plaintiff chooses to file an amended complaint, he shall file a declaration with his amended complaint showing any reason why this matter should not be transferred to the Southern District of West Virginia, where his first-filed suit against the same defendants is pending as *Zappin v. Supple*, No. 3:20-CV-0210 (S.D. W. Va. filed Mar. 23, 2020).

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   July 24, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE