UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY ZAPPIN,<br>                Plaintiff,<br><br>-against-<br><br>J. RICHARD SUPPLE, JR.; HINSHAW & CULBERTSON, LLP,<br>                Defendants. | Docket No: 1:20-cv-05602-LGS-KNF<br><br>**DECLARATION OF ELLEN B. SILVERMAN IN SUPPORT OF MOTION TO SET ASIDE THE ENTRY OF DEFAULT AGAINST DEFENDANT** |

**ELLEN B. SILVERMAN**, pursuant to 28 U.S.C. 1746, hereby declares under penalty of perjury, as follows:

1. I am a partner of the law firm of HINSHAW & CULBERTSON LLP ("Hinshaw"), one of the defendants named in this action, and I am the co-managing partner of Hinshaw's New York City Office. I submit this Declaration in support of the Motion to Set Aside The Entry of Default against Defendants J. Richard Supple, Jr. and Hinshaw & Culbertson LLP, pursuant to Rules 55(c) and 60 of the Federal Rules of Civil Procedure.

2. I have reviewed the Affidavit of Service filed by Plaintiff on October 20, 2020 (Doc. Entry # 19), which states that on September 29, 2020, at approximately 11:04 A.M., Raymond Hollingsworth purportedly served Anthony Williams with the Summons and Amended Complaint in this action on behalf of Hinshaw.

3. As co-managing partner of Hinshaw's New York City Office, I can attest that there is no individual named "Anthony Williams" that works for Hinshaw, either as an attorney or staff member. Moreover, there is no individual by the name of "Anthony Williams" that has been authorized to accept service on Hinshaw's behalf.

4. Hinshaw is located within an office tower, staffed by a building manager and security personnel. The building manager confirmed to me that none of the members of the

building security team are named "Anthony Williams." The building manager further confirmed that an "Anthony Williams" does not appear within its records of the tenants that occupy the office building.

5. I have also been advised by the building manager that security staff located at the front desk in the building do not accept hand-delivered packages from third parties, unless the tenant in the building has provided prior permission. Hinshaw has not provided such permission. Instead, the staff require the third party to sign into the visitor's log, provide the visitor with a pass, and permit the visitor to travel to the floor where the business is located to hand deliver the package to the recipient. The building visitor's log for September 29, 2020 does not reflect that anyone by the name of Raymond Hollingsworth or Anthony Williams was present in the building on September 29, 2020. In fact, the building visitor's log for September 29, 2020 does not reflect any visitors to the 13th floor where Hinshaw's office is located. Hinshaw occupies the entire 13th floor, there are no other businesses on the floor.

6. Additionally, the security staff employed by the manager/owner of the office tower are not agents of the firm or authorized to accept service of process on behalf of Hinshaw or any other lawyer or staff member employed by the Hinshaw.

7. Furthermore, as a result of the Coronavirus pandemic, the members of the New York City office have almost exclusively been working remotely from their homes. The only Hinshaw employees in the office on September 29, 2020 were the office manager and a staff member responsible for reviewing the daily mail received. Both employees have advised that no one attempted to hand deliver any papers to the office on September 29, 2020.

8. In fact, the first time that Hinshaw learned of this action was on October 19, 2020, when an employee found a copy of the Summons and Amended Complaint inside of the open bin intended for deliveries located outside of our lobby door on the 13th floor. This bin is checked

and emptied every day. A review of the building visitor's log confirms that Raymond Hollingsworth signed in on October 19, 2020. A true and accurate copy of the visitor's log and photograph of Raymond Hollingsworth are attached collectively hereto as **Exhibit A**. Additionally, upon passing security on October 19, 2020 and riding the elevator to the 13th floor, Hinshaw's security camera recorded Raymond Hollingsworth depositing the Summons and Complaint without any envelope or other paper in the delivery bin located outside of our lobby door on the 13th floor on October 19th. A true and accurate copy of still images from our security camera with a date and time stamp or attached hereto as **Exhibit B**. Mr. Hollingsworth departed the 13th floor without ever speaking to or coming in contact with any employee or partner of Hinshaw & Culbertson LLP.

9. Upon discovering the Summons and Amended Complaint in our mail bin, Hinshaw advised Mr. Supple of the lawsuit and immediately began preparation of this Motion.

Dated: New York, New York
November 1, 2020

_____
Ellen B. Silverman, Esq.