UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

                                   Plaintiff,                     Docket No. 1:20-cv-05602-LGS-KNF

                   - against -

J.   RICHARD   SUPPLE,   JR.;   HINSHAW   &
CULBERTSON, LLP,

                                   Defendant.

<br>

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION AND IN
SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS**



**Hinshaw & Culbertson LLP**
**800 Third Avenue, 13th Floor**
**New York, NY 10022**
**(212) 471-6200 (Phone)**
**(212) 935-1166 (Facsimile)**
*Attorneys for Defendants*
*J. Richard Supple Jr. and Hinshaw & Culbertson, LLP*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................. ii-vii

Preliminary Statement ................................................................................................. 1

Statement of Facts ..................................................................................................... 2

Legal Standards ......................................................................................................... 5

       A. FRCP 12(b)(2) – Lack of Personal Jurisdiction ............................................... 3

       B. FRCP 12(b)(5) & Rule 4(m) – Insufficient Service of Process/Failure to Timely Serve ..... 3

       C. FRCP 12(b)(6) – Failure to State a Claim ....................................................... 4

Argument ................................................................................................................. 5

Point I
Plaintiff Failed to Timely and Properly Serve Defendants Warranting Dismissal ................... 5

Point II
Plaintiff Failed to Comply with Rule 4(m) as Extended by Court Order and the Court Must Dismiss the Complaint ..................................................................................................... 10

       A. Plaintiff Cannot Establish Good Cause For an Extension of Time to Serve Defendants 11

       B. The Court Should Not Exercise Its Discretion to Extend Plaintiff's Time to Serve ......... 13

Point III
Plaintiff's Legal Malpractice and Fraud Claims are Barred by the Statute of Limitations ................... 15

Point IV
Plaintiff's Cannot Collaterally Attack the Judgment Rendered in the State Disbarment Action ......... 16

Point V
Plaintiff's Legal Malpractice Claim is Meritless ........................................................................ 19

Point VI
Plaintiff's Claim for Fraud is Insufficiently Pled ....................................................................... 22

Point VII
Plaintiff's Breach of Contract Claim Fails ............................................................................. 24

Conclusion ............................................................................................................... 25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page(s)**

*Alexander v. Forest City Pierrepont Assocs.,*
   1995 U.S. Dist. LEXIS 22079 (E.D.N.Y. 1995) .................................................................12

*Alvarado v. Am. Freightways, Inc.,*
   2005 U.S. Dist. LEXIS 12226 at *5 (S.D.N.Y. 2005) .......................................................11

*Arista Records LLC v. Media Servs. LLC,*
   2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. 2008) .................................................................6

*Arons v. Lalime,*
   3 F. Supp. 2d 314, 325 (W.D.N.Y. 1998) .........................................................................23

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937, 1940 (2009) ......................................................................4

*Assets Recovery 23, LLC v. Gasper,*
   208 U.S. Dist. LEXIS 192374 (E.D.N.Y. 2018) .................................................................9

*Bastys v. Rothschild,*
   2000 U.S. Dist. LEXIS 17944 at *28 (S.D.N.Y. 2000) .....................................................24

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) ..............................................................4

*Bogle-Assegai v. Connecticut,*
   470 F.3d 498, 507-09 (2d Cir. 2006) .................................................................................6

*Brooks v. Educ. Bus Transp.,*
   2015 U.S. Dist. LEXIS 153309 (E.D.N.Y. 2015) .............................................................10

*Brooks v. Lewin,*
   21 A.D.3d 731, 734 (1st Dep't 2005)...........................................................................19, 21

*Bunim v. City of New York,*
   2006 U.S. Dist. LEXIS 50309 at *2 (S.D.N.Y. Jul. 21, 2006) ............................................3

*Burda Media, Inc. v. Viertel,*
   417 F.3d 292, 298-99 (2d Cir. 2005) .................................................................................3

*Carrion v. Singh,*
   2013 U.S. Dist. LEXIS 34181 at *4 (E.D.N.Y. 2013)........................................................21

*Carroll v. Certified Moving & Storage, Co.,*
    2005 U.S. Dist. LEXIS 48216 at *2 (E.D.N.Y. 2005) ..........................................................13

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147, 152-153 (2d Cir. 2002) ..................................................................................5

*Cioce v. City of Westchester,*
    2003 U.S. Dist. LEXIS 13016, at *3 (S.D.N.Y. 2003) ......................................................10

*Citimortgage, Inc. v. Erani,*
    180 A.D.3d (2d Dep't 2020) ...............................................................................................9

*Coleman v. Milwaukee Bd. of Sch. Dirs.,*
    290 F.3d 932, 934-35 (7th Cir. 2002) ......................................................................... 13, 14

*D'Jamoos v. Griffith,*
    2001 U.S. Dist. LEXIS 17595 at *5 (E.D.N.Y. 2001) ......................................................19

*Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ...................3

*Decker v. Nagel Rice LLC,* 2010 U.S. Dist. LEXIS 62042 (S.D.N.Y. 2010) ............................................23

*DeLuca v. AccessIT Grp., Inc.,* 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) ..........................................4

*E. Refractories Co. v. Forty Eight Insulations, Inc.,*
    187 F.R.D. 503, 505 (S.D.N.Y. 1999)................................................................................11

*England v. Feldman,*
    2011 U.S. Dist. LEXIS 36382 at *5 (S.D.N.Y. 2011) .................................................. 23, 24

*Flutie Bros. LLC v. Hayes,*
    2006 US Dist LEXIS 31379 (S.D.N.Y. 2006) ............................................................. 21, 24

*Frasca v. U.S.,*
    921 F.2d 450, 453 (2d Cir. 1990)......................................................................................16

*G4 Concept Mktg., Inc. v. MasterCard Int'l,*
    670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) ......................................................................11

*Gaines v. Gaston,*
    182 F.R.D. 430 (S.D.N.Y. 1998) .......................................................................................11

*Gerard v. Shriro Universal Corp.,*
    91 A.D.2d 508 (1st Dep't 1982) .........................................................................................5

*Gibbs v. Hawaiian Eugenia Corp.,*
    581 F. Supp. 1269, 1271 (S.D.N.Y. 1984)...........................................................................5

*Green v. Mattingly*,
   585 F.3d 97, 101 (2d Cir. 2009) ...................................................................................17

*Guerrero v. City of New York*,
   2018 U.S. Dist. LEXIS 154755 at *6 (S.D.N.Y. 2018) .................................................14

*Hardy v. Kaszycki & Sons Contractors, Inc.*,
   842 F. Supp. 713, 717 (S.D.N.Y. 1993) ........................................................................7

*Harmon v. Bogart*,
   788 Fed. App'x. 808, 809 (2d Cir. 2019) ................................................................. 4, 14

*Hayes v. Perotta*,
   751 F. Supp. 2d 597, 599 (S.D.N.Y. 2010) ..................................................................20

*Hoblock v. Albany County Bd. of Elections*,
   422 F.3d 77, 88 (2d Cir. 2005) .....................................................................................17

*Hollander v. United States*,
   354 F. App'x 592, 593 (2d Cir. 2009) ..........................................................................20

*John P. Tilden, Ltd. v. Profeta & Eisenstein*,
   236 A.D.2d 292, 293 (1997) .........................................................................................21

*Jones v. Westchester Cnty*,
   182 F. Supp.3d 134, 143 (S.D.N.Y. 2016) ............................................................. 11, 14

*Kropelnicki v. Siegel*,
   290 F.3d 118, 128 (2d Cir. 2002) ............................................................................ 16, 17

*Lawyer Disciplinary Bd. v. Folwell*,
   2012 W. Va. LEXIS 529 (June 7, 2012, No. 11-1279) ..................................................20

*Littman Krooks Roth Ball, P.C. v. New Jersey Sports Prod., Inc.*,
   2001 U.S. Dist. LEXIS 12677 at *3 (S.D.N.Y. 2001) ..................................................18

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555, 560 (1992) ..............................................................................................20

*Macchia v. Russo*,
   67 N.Y.2d 592, 594 (1986) ...........................................................................................15

*MacDermid, Inc. v. Deiter*,
   702 F.3d 725, 727-28 (2d Cir. 2012) ..............................................................................3

*MacMillan v. Wegmans Food Mkt., Inc.*,
   2014 U.S. Dist. LEXIS 152584 at *3 (W.D.N.Y. 2014) ...............................................15

*Madison v. BP Oil Co.,*
　928 F. Supp. 1132, 1137 (S.D. Ala. 1996) ............................................................................ 11

*Mobile Corp. v. Saudi Basic Indus. Corp.,*
　544 U.S. 280, 283-84 (2005) ................................................................................................ 17

*Mopex v. Am. Stock Exchange, LLC,*
　2002 U.S. Dist. LEXIS 3532 at *9 (S.D.N.Y. 2002) ............................................................ 10

*Moss v. Bd. of Educ.,*
　2020 U.S. Dist. LEXIS 183462 (E.D.N.Y. 2020) .................................................................. 3

*Neogenix Oncology, Inc. v. Gordon,*
　133 F. Supp. 3d 539, 553 (E.D.N.Y. 2015) .......................................................................... 23

*Nordwind v. Rowland,*
　584 F.3d 420, 433 (2d Cir. 2009) .......................................................................................... 23

*Operating Local 649 Annuity tr. Fund v. Smith Barney Fund Mgmt. LLC,*
　595 F.3d 86, 91 (2d Cir. 2010) ............................................................................................... 4

*Pennzoll Co. v. Texaco, Inc.,*
　481 U.S. 1, 14 (1987) ............................................................................................................ 17

*Premium Mortg. Corp. v. Equifax, Inc.,*
　583 F.3d 103, 108 (2d Cir. 2009) .......................................................................................... 22

*Rexnord Holdings, Inc. v. Bidermann,*
　21 F.3d 522, 525 (2d Cir. 1994) ............................................................................................ 24

*Roesch v. Sullivan,*
　2018 U.S. Dist. LEXIS 93638, at *15-16 (S.D.N.Y. June 1, 2018) ....................................... 8

*Rombach v. Chang,*
　355 F.3d 164, 170 (2d Cir. 2004) .......................................................................................... 22

*S.E.C. v. Anticivic,*
　2009 U.S. Dist. LEXIS 11480 at *4 (S.D.N.Y. 2009) ........................................................... 6

*Samet v. Binson,*
　2007 N.Y. Misc. LEXIS 9268 (Kings Cnty September 10, 2007) ........................................... 9

*Schwasnick v. Fields,*
　2010 U.S. Dist. LEXIS 65958 (E.D.N.Y. June 30, 2010) ...................................................... 3

*Schweizer v. Mulvehill,*
　93 F.Supp. 2d 376, 380 (S.D.N.Y. 2000) ....................................................................... 21, 24

*Scott v. Fields,*
   85 A.D.3d 756, 758 (2d Dep't 2011) ...............................................................................16

*Sidik v. Royal Sovereign Int'l, Inc.,*
   2020 U.S. Dist. LEXIS 165906 at *6 (E.D.N.Y. 2020) ...................................................3

*Sikhs for Justice v. Nath,*
   893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) .....................................................................10

*Spinale v. United States,*
   2005 U.S. Dist. LEXIS 4608, at *4 (S.D.N.Y. 2005)......................................................12

*Sullivan v. N.Y. State Dep't of Corr.,*
   2009 U.S. Dist. LEXIS 107454, at *19 (W.D.N.Y. 2009) .................................................6

*Turk v. Angel,*
   293 A.D.2d 284 (2000) ....................................................................................................24

*United States v. Lebanese Canadian Bank SAL,*
   285 F.R.D. 262, 267 (S.D.N.Y. 2012)..............................................................................8

*Vaher v. Town of Orangetown, N.Y.,*
   916 F.Supp.2d 404, 421 (S.D.N.Y. 2013)........................................................................14

*Wroblewski v. Morrissette,*
   2000 U.S. Dist. LEXIS 822 at *4 (W.D.N.Y. 2000)..........................................................7

*Wu v. Levine,*
   2005 U.S. Dist. LEXIS 21051 at *2 (E.D.N.Y. 2005).....................................................17

*Xiong Ping Tang v. Marks,*
   133 A.D.3d 455, 456 (1ˢᵗ Dep't 2015)..............................................................................24

*Zapata v. City of New York,*
   502 F.3d 192, 198 (2d Cir. 2007).................................................................. 12, 13, 14, 15


**Statutes**

CPLR 308........................................................................................................................8

FRCP 4 ...................................................................... 3, 4, 7, 8, 9, 10,11, 12, 16

FRCP 8 .........................................................................................................................22

FRCP 9 .........................................................................................................................22

FRCP 12 ............................................................................................................................ 3, 4, 9

NYCRR 1240.8(a)(5) ....................................................................................................................22

## PRELIMINARY STATEMENT

Defendants J. Richard Supple, Jr. ("Mr. Supple") and Hinshaw & Culbertson, LLP ("Hinshaw") (collectively, "Defendants") respectfully submit this memorandum of law (i) in opposition to Plaintiff's motion (Doc Entry # 26-28)[1] for an order finding that Defendants were served and directing them to answer the First Amended Complaint and (ii) in support of Defendants' cross-motion to dismiss the First Amended Complaint.  Plaintiff did not serve Defendants in accordance with the Federal Rules and New York State law.  His allegation that Defendants are acting in bad faith and engaging in "gamesmanship" to avoid service is utterly baseless, and nothing more than a desperate attempt by a litigant with a demonstrated history of dishonest conduct to maintain his frivolous lawsuit.

It is Plaintiff who is engaging in bad faith conduct.  Thus, he requested a clerk's default against Defendants based upon fraudulent affidavits of service, which are the subject of a pending motion to vacate.  Doubling down on his misconduct, Plaintiff has filed yet another fraudulent affidavit of service purporting to have served Mr. Supple by substituted service.  Moreover, he has failed to make any attempt to properly serve Hinshaw and his time to do so has expired.  As a result, the Court lacks personal jurisdiction over Defendants.  Because of Plaintiff's fraudulent conduct, the Court should not grant him additional time to complete service.

Defendants also seeks dismissal of the First Amended Complaint as meritless and barred by the statute of limitations and the *Rooker-Feldman* doctrine.  Plaintiff can offer no serious opposition to any of these grounds.

## STATEMENT OF FACTS

From September 30, 2016, to July 21, 2017, Defendants represented Plaintiff in an attorney

---

[1] Plaintiff's motion also seeks to vacate the October 21, 2020 Clerk's default entered against Defendants, the same relief sought via Defendants' own motion filed on November 3, 2020.  *See* Doc. Entry #23.

disciplinary proceeding brought by the Attorney Grievance Committee for the First Judicial Department in New York.  On October 17, 2016, shortly after Plaintiff retained Defendants, the Appellate Division, First Department issued an order (in the aftermath of motion practice handled by predecessor counsel) collaterally estopping Plaintiff from denying egregious misconduct arising from his *pro se* actions in a New York state divorce and child custody proceeding.  *See* Exhibit A to the Declaration of Schuyler B. Kraus, dated December 21, 2020.

On July 21, 2017, Defendants withdrew from representing Plaintiff immediately after he personally threatened the Committee prosecutors in his case with litigation.  *See* Kraus Decl., Exhibit B.  Plaintiff did not retain new counsel and thereafter proceeded *pro se*.  The Appellate Division disbarred Plaintiff on March 8, 2018.  *Id.*, Exhibit A.  Defendant's application to the New York Court of Appeals for leave to appeal was denied.  *Id.*, Exhibit C.

Plaintiff filed the instant action against Defendants on July 20, 2020.[2]  (*See* Doc. Entry #1). On July 27, 2020, this Court entered an order dismissing the Complaint because Plaintiff failed to sufficiently allege subject matter jurisdiction.  (*See* Doc. Entry #10).  The Court instructed Plaintiff to file an Amended Complaint within 30 days or suffer dismissal of the case for failure to prosecute. *Id.*  On August 24, 2020, Plaintiff filed the First Amended Complaint, adding a cause of action for fraud, in addition to supplementing the allegations of diversity jurisdiction.  (*See* Doc. Entry #11). On November 3, 2020, Defendants filed a motion to vacate the clerk's default entered against them based upon false affidavits of service, which was returnable on November 30, 2020.  (*See* Doc. Entry # 23).  On December 7 and 8, 2020, while Defendants were preparing their joint motion to dismiss,

---

[2] On March 23, 2020, Plaintiff filed a separate lawsuit against the same Defendants in the United States District Court for the Southern District of West Virginia, Docket No. 3:20-cv-00210 (the "West Virginia Action").  In that complaint, as in the instant Complaint and Amended Complaint, Plaintiff asserted legal malpractice and breach of contract claims related to Defendants' representation of Plaintiff in the New York attorney disciplinary proceeding (but failed to include any actual claims of wrongdoing by Defendants).  Defendants moved to dismiss the West Virginia Action for lack of personal jurisdiction and Plaintiff subsequently elected to **voluntarily dismiss** the West Virginia Action.

Plaintiff filed a motion to vacate Defendants' default and obtain an order deeming Defendants served and directing that they answer the First Amended Complaint. Plaintiff has never controverted the proof that the prior clerk's default was obtained upon perjurious and fraudulent affidavits of service.

## LEGAL STANDARDS

### A.   FRCP 12(b)(2)— Lack of Personal Jurisdiction

A plaintiff bears the burden of demonstrating personal jurisdiction exists over a defendant. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727-28 (2d Cir. 2012). To sustain this burden, the plaintiff must demonstrate, among other things, procedurally proper service of process on the defendant and that exercising jurisdiction would comport with due process. *See Sidik v. Royal Sovereign Int'l, Inc.*, 2020 U.S. Dist. LEXIS 165906 at *6 (E.D.N.Y. 2020).

### B.   FRCP 12(b)(5) & Rule 4(m)— Insufficient Service of Process/Failure to Timely Serve

Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process, including where service of process did not comply with Rule 4(m). *Moss v. Bd. of Educ.*, 2020 U.S. Dist. LEXIS 183462 (E.D.N.Y. 2020). "[W]hen a defendant moves to dismiss under rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298-99 (2d Cir. 2005); *see also Schwasnick v. Fields*, 2010 U.S. Dist. LEXIS 65958 (E.D.N.Y. June 30, 2010). The plaintiff also bears the burden of showing good cause for failing to timely serve the defendant. *Bunim v. City of New York*, 2006 U.S. Dist. LEXIS 50309 at *2 (S.D.N.Y. Jul. 21, 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(5), the Court "must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Id.* "When a defendant challenges

service of process, the burden of proof is on the plaintiff to show the adequacy of service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).

Rule 4(m) provides that if a plaintiff fails to serve a summons and complaint within 90 days after the complaint is filed, the court must dismiss the action. *See* FRCP 4(m). The rule provides two ways in which a district court may grant an extension to a plaintiff who has failed to timely serve process. *See Harmon v. Bogart*, 788 Fed. App'x. 808, 809 (2d Cir. 2019). First, if the plaintiff shows good cause for the failure of service, the court may extend the time for service for an appropriate period. *Id.* Second, in the absence of good cause, the court can exercise its discretion to order that service be completed within a specified time. *Id.*

## C.   FRCP 12(b)(6)—Failure to State a Claim

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Operating Local 649 Annuity tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). A claim has facial plausibility when the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009).

The Court in *Iqbal* established a two-step approach for determining whether a complaint may survive dismissal. First, a Court need not accept legal conclusions as true as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is "context specific" requiring the Court to apply its judicial experience and common sense. *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. As such, "[a] court considering a motion to dismiss may begin by identifying

allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1940.

In determining whether a pleading states a claim upon which relief can be granted, the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, matters of which judicial notice may be taken, or documents integral to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002).  In applying these standards to Plaintiff's First Amended Complaint, the latest vexatious tactic of a disbarred lawyer, it is clear that the Court should dismiss this action with prejudice.

## ARGUMENT

### POINT I
### Plaintiff Failed to Timely and Properly Serve Defendants Warranting Dismissal

Plaintiff contends that Defendants are "playing games" with respect to service based upon an email he received in May of 2020 from Defendants' West Virginia counsel.  Counsel agreed to accept service of process **only** as to the West Virginia action then pending (and since dismissed). (*See* Doc .Entry # 27, p. 4; Doc Entry #28, Ex. 1).  However, Defendants' prior counsel's representation, made three months before the New York action was commenced, has no bearing upon service in the New York action.  "[A]n attorney does not become a client's agent for service of process simply because she [or he] represented the client in an earlier action."  *Gibbs v. Hawaiian Eugenia Corp.,* 581 F. Supp. 1269, 1271 (S.D.N.Y. 1984); *see also Gerard v. Shriro Universal Corp.*, 91 A.D.2d 508 (1st Dep't 1982) (service upon defendant's attorney in a separate but related Israeli action was insufficient to confer personal jurisdiction over defendants in connection with a New York action where they were represented by separate counsel).

Plaintiff's speculation that Defendants were monitoring the action based upon the single email from Defendants' counsel in the West Virginia action is irrelevant and baseless.  Despite Plaintiff's elaborate conspiracy theories, Defendants only learned of this lawsuit when Plaintiff's

process server placed a copy of the First Amended Complaint (without any envelope) inside of a bin intended for package deliveries outside of Hinshaw's lobby door and advised Mr. Supple of same. (*See* Doc. Entry #23, Silverman Decl.).  Thereafter, Defendants conducted an investigation into the action, including the Affidavits of Service, and discovered they were based upon falsified information and sought to vacate their defaults.  (*See infra.; see also* Doc Entry #23 Silverman Decl., Supple Decl.)

As detailed in Defendants' motion to vacate, Plaintiff's first service "attempt," allegedly in September of 2020, is based upon falsified Affidavits of Service, stating service was made upon individuals unknown to each Defendant, with no authority to accept service on either Defendants' behalf.  (See Doc. Entry #23).

As Plaintiff correctly concedes, service of process must be made in accordance with the law. (*See* Pl. Br. p. 5).  While Plaintiff apparently recognizes this fundamental maxim, he now asks the court to excuse this requirement as to Hinshaw, because Hinshaw has actual knowledge of the lawsuit, Hinshaw's office "has been closed," and his process server deposited the pleadings in a bin outside the office.  First, "a defendant's 'actual knowledge' is no substitute for service." *S.E.C. v. Anticivic*, 2009 U.S. Dist. LEXIS 11480 at *4 (S.D.N.Y. 2009); *see also Arista Records LLC v. Media Servs. LLC*, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. 2008) (recognizing "persuasive authority for requiring service anew, even if a defendant has notice of the pendency of the action"); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 507-09 (2d Cir. 2006) (affirming the district court's dismissal of a complaint based on improper service; rejecting the plaintiff's argument that the defendants had actual knowledge of her claims).  Thus, even if Hinshaw has actual knowledge of this litigation, this awareness does not abrogate the requirement of proper service under the Federal Rules. *See Sullivan v. N.Y. State Dep't of Corr.*, 2009 U.S. Dist. LEXIS 107454, at *19 (W.D.N.Y. 2009) ("Even assuming

*arguendo*, [the plaintiff's attorney] could show [the defendant] had knowledge of the suit, actual knowledge of the suit does not substitute for proper service under Rule 4").

Secondly, Plaintiff's contention that Hinshaw closed its New York City office, making it "impossible" to serve them is a complete mischaracterization of the facts. (*See* Pl. Br. p. 10; *cf.* Silverman Decl. (Doc. Entry #23)).  As noted by Ms. Silverman, while the attorneys in the New York City office almost exclusively work remotely as a result of the Covid-19 pandemic, there are employees in the office every day.  (*See* Doc. Entry #23, Silverman Decl ¶ 7).  Moreover, contrary to Plaintiff's claim, the bin located outside of Hinshaw's lobby door is *not* intended for service or process, but rather for package deliveries.  (*Id.* at ¶ 8).  After Plaintiff's process server's one and only paltry "attempt" to serve Hinshaw[3], the server dropped a copy of the papers in a bin intended for deliveries.  This is not sufficient to effectuate service under the law.  *See Hardy v. Kaszycki & Sons Contractors, Inc.,* 842 F. Supp. 713, 717 (S.D.N.Y. 1993)) (more than two attempts required); *see also Wroblewski v. Morrissette,* 2000 U.S. Dist. LEXIS 822 at *4 (W.D.N.Y. 2000) (finding three attempts at service during a wide range of hours sufficient).

Moreover, Plaintiff does nothing to explain the inaccuracies found in the Affidavit of Service (the complete fabrication of an individual, Anthony Williams, that was served on a falsified date and time).  Finally, Plaintiff, a former New York attorney familiar with the rules for service of process, offers no explanation as to why he did not seek to serve Hinshaw through other authorized methods consistent with New York law.  For example, Plaintiff could have served Hinshaw through the Secretary of State pursuant to N.Y. Partnership Law § 121-109, but elected not to and the time to serve Hinshaw has expired.  Instead, Plaintiff seeks the Court's permission to serve Hinshaw via email/mail.  Aside from the fact that Plaintiff's time to serve Hinshaw has expired pursuant to Rule

---

[3] Plaintiff alleges that his process server made two attempts to serve, but fails to provide any admissible evidence to support this contention, which is expressly contradicted by the records submitted by Hinshaw in support of its motion to vacate.

4(m) along with the statute of limitations (discussed *infra*.), Plaintiff fails to establish that he "reasonably attempted to effectuate service and that the circumstances are such that the court's intervention is necessary" as required in this district. *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012). As such, the Court should deny this request.

In apparent recognition of the defective service upon Mr. Supple in September, Plaintiff allegedly had a process server attempt to serve Mr. Supple at his home through substituted service on his wife two months later. (*See* Doc. Entry #25). However, Plaintiff has once again proffered false and fabricated evidence because Mr. Supple's wife was never served. As such, the Court does not have personal jurisdiction over Mr. Supple and cannot direct him to respond to the First Amended Complaint.[4]

Plaintiff's second Affidavit of Service as to Mr. Supple states that service was effectuated on November 2, 2020 by serving the Summons and First Amended Complaint upon "Mary Supple" at 10:29 A.M., at 482 11th Street, Brooklyn, New York 11215, where Mr. Supple resides. (*See* Doc. Entry #25 and Teegarden Aff. ¶ 2). Mr. Supple's wife denies being served with the Summons and First Amended Complaint. She avers that a process server did not come to her home on November 2, 2020 or at any other time. (*See* Teegarden Aff. ¶¶ 2-4). Indeed, Plaintiff could not have served Mr. Supple's wife, Ms. Teegarden, at 10:29 A.M. on November 2, 2020 because she was in the midst of an uninterrupted conference call with co-workers from 10:00 A.M. to 11:00 A.M. on that date.

---

[4] Pursuant to FRCP 4(e), service upon an individual may be made by delivering a copy of the summons and of the complaint (1) to the individual personally or (2) to someone of suitable age and discretion who resides at the individual's dwelling or usual place of abode or (3) to an agent authorized by appointment or by law to receive service of process or (4) service in accordance with state law of the jurisdiction in which the district court is located. *See* FRCP 4(e). Section 308 of New York's Civil Practice Law and Rules ("CPLR") states that service upon a "natural person" can be made by delivering the summons and complaint to the individual or by delivering the summons within the state to a person of suitable age and discretion at the individual's place of business, dwelling place or usual place of abode in conjunction with mailing the process to the individual at his or her last known residence or by mailing at his or her actual place of business. *See* CPLR 308(1) and (2); *see also Roesch v. Sullivan*, 2018 U.S. Dist. LEXIS 93638, at *15-16 (S.D.N.Y. June 1, 2018) also provides that an individual can be served by delivering the summons within the state to the individual's designated agent for service of process. *See* CPLR 308(3).

(*Id.* ¶ 3).  Ms. Teegarden states that she did not respond to a visitor to her home for several hours before or after this call or on any other date.  (*Id.* ¶ 3-4)

Ms. Teegarden also disputes the physical description of her within the Affidavit of Service (i.e. that she is between 5'4"-5'6" tall and has brown hair).  Ms. Teegarden is nearly a half-foot taller at 5'10" and has grey hair.  (*See* Teegarden Aff. ¶¶ 6-7).  Furthermore, since childhood, Ms. Teegarden has exclusively used her middle name, Catherine, and never changed her last name to Supple when she married; thus, she would never have identified herself as "Mary Supple".  (*Id.* ¶ 5).  Ms. Teegarden further avers that neither she nor her husband ever received a mailed or delivered copy of the Summons and First Amended Complaint to their home.  (*Id.* ¶ 8; *see also Affidavit of John Richard Supple* ¶¶ 2-3).  Thus, Plaintiff's second service "attempt" was fraudulent and not properly effectuated pursuant to FRCP 4(e) or under state law.  *See Samet v. Binson*, 2007 N.Y. Misc. LEXIS 9268 (Kings Cnty September 10, 2007) (finding service was defective based upon defendant's testimony as to her routine meant she would not have answered the door for an unknown male at 8:50 P.M.); *Citimortgage, Inc. v. Erani*, 180 A.D.3d (2d Dep't 2020) (trial court erred because process server's averment that he served defendant's wife was contradicted by wife's affidavit denying service and attesting to her daily routine, making service on that day and time impossible); *Assets Recovery 23, LLC v. Gasper*, 208 U.S. Dist. LEXIS 192374 (E.D.N.Y. 2018) (finding service improper based upon testimony that person served was not home at time of service as well as discrepancies in the physical description of the person served).

As Plaintiff has failed to serve either Defendant, this Court lacks personal jurisdiction over them and the action should be dismissed pursuant to FRCP 12(b)(2).

9

**POINT II**
**Plaintiff Failed to Comply with Rule 4(m) as Extended by Court Order and the Court Must**
**Dismiss the Complaint**

As Plaintiff has failed to properly serve Defendants within the time required by FRCP 4(m) and cannot establish good cause nor a basis for the Court to exercise its discretion to extend the time for service, the Court must dismiss the First Amended Complaint.

In fact, Plaintiff was already given an extension of the Rule 4(m) service period by this Court and failed to comply.  Plaintiff filed his Complaint on July 20, 2020 and the summons for each Defendant was issued on July 24, 2020.  (*See* Doc Entries # 1, 8, 9).  Pursuant to a text Order, Plaintiff was given 120 days from issuance of the summons, thirty three days beyond the 90 days allotted by Rule 4(m)[5], to complete service.  (*See* Doc. Entry #4).  As such, Plaintiff's deadline to serve Defendants was November 21, 2020.  Although Plaintiff filed an Amended Complaint on August 24, 2020, this filing did not toll Plaintiff's time to effect service.  *See Cioce v. City of Westchester,* 2003 U.S. Dist. LEXIS 13016, at *3 (S.D.N.Y. 2003) (noting plaintiff "was mistaken in thinking that the time [to effect service] began to run under Rule 4(m) from the filing of [his] amended complaint and not the institution of the lawsuit."); *Sikhs for Justice v. Nath,* 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) ("The filing of an amended complaint [] does not restart the …period for service[.]"); *Mopex v. Am. Stock Exchange, LLC,* 2002 U.S. Dist. LEXIS 3532 at *9 (S.D.N.Y. 2002) ("The filing of an amended complaint does not, in itself, toll the service period.").  As Plaintiff has failed to serve the Defendants within the time allotted by the Court, the Court must dismiss this action.

---

[5] Plaintiff's application to proceed *in forma pauperis* was filed on July 21, 2020.  *See Brooks v. Educ. Bus Transp.* 2015 U.S. Dist. LEXIS 153309 (E.D.N.Y. 2015) (period for service is tolled while a plaintiff's *in forma pauperis* application is pending).

**A.** **Plaintiff Cannot Establish Good Cause For an Extension of Time to Serve Defendants**

Plaintiff has not made a request to extend the time to serve Defendants and cannot demonstrate "good cause" for doing so, particularly because the "efforts" made to date have been based upon false and fraudulently submitted information.

"A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, 2005 U.S. Dist. LEXIS 12226 at *5 (S.D.N.Y. 2005). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999); *see also Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) ("[C]ourts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process" satisfy the good cause requirement.).

To determine whether a plaintiff has demonstrated good cause, "[c]ourts generally consider three factors . . . : (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effect service" prior to the expiration of the service period. *Jones v. Westchester* Cnty, 182 F. Supp.3d 134, 143 (S.D.N.Y. 2016). "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." *Id.* Additionally, a plaintiff's *pro se* status is not grounds for an automatic extension of time to serve the complaint. *See G4 Concept Mktg., Inc. v. MasterCard Int'l*, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) ("[I]gnorance of the law, even in the context of *pro se* litigants, does not constitute good cause under Rule 4(m). . . ." (alterations, citations, and internal quotation marks omitted)); *see also Gaines v. Gaston*, 182 F.R.D. 430 (S.D.N.Y. 1998) (dismissing case for failure to serve a complaint and summons properly despite the plaintiff's pro se status).

11

Here, Plaintiff's failure to serve Defendants in the judicially extended Rule 4(m) period is not the result of circumstances beyond his control. Nor have Plaintiff's "efforts" to serve the Defendants been diligent. Despite the Court granting Plaintiff's application to proceed *in forma pauperis* in August and providing information on how to utilize the United States Marshals Service (*see* Doc Entry #3,4), Plaintiff elected to use private process servers. Plaintiff then submitted falsified and unsworn Affidavits of Service purporting to have served the Defendants. (*See* Doc. Entry #18-20). As demonstrated by Defendants, this service never occurred. (*See* Doc. Entry #23 and *supra*.). Thereafter, despite obtaining a clerk's default against Defendants, in apparent recognition that service upon Mr. Supple was defective, Plaintiff had another process server "attempt" service at Mr. Supple's home. (*See* Doc Entry #25). This service "attempt" was also fraudulent and improper. (*See* Point I, *supra*.). As Plaintiff has submitted falsified documents in order to claim jurisdiction over the Defendants, Plaintiff cannot now demonstrate good cause for a further extension of time.

Furthermore, upon Defendants providing affidavits detailing Plaintiff's service deficiencies, Plaintiff has not sought additional time to effectuate service (and the time to do so has expired), despite the Court's warning that failure to timely complete service could result in a dismissal of the action for failure to prosecute. (*See* Doc. Entry #16). *See Alexander v. Forest City Pierrepont Assocs.*, 1995 U.S. Dist. LEXIS 22079 (E.D.N.Y. 1995) (plaintiff must seek a judicial extension of the time for service of process prior to the expiration of the service period). Instead, Plaintiff completely abandoned any efforts to properly serve Hinshaw and appears to rely upon his second falsified attempt to serve Mr. Supple. As such, Plaintiff cannot establish good cause. *See Spinale v. United States*, 2005 U.S. Dist. LEXIS 4608, at *4 (S.D.N.Y. 2005) (holding the "failure of service is due not to extraordinary circumstances, but to neglect," and citing the "noteworthy" fact that "the plaintiffs made no effort to request an extension until . . . after the deadline for service had passed.); *Zapata v.*

*City of New York*, 502 F.3d 192, 198 (2d Cir. 2007), (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)) (plaintiff's failure to properly effect timely service "with no even colorable justification" after holding that "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule" (emphasis added)).

Finally, Defendants would be prejudiced if Plaintiff is given additional time as Defendants would be forced to defend an action after the original service period and the statute of limitations for legal malpractice, on a meritless claim (*see infra.*), have expired.  Defendants had no reason to expect that this action was forthcoming, particularly as it was filed on the eve of the expiration of the statute of limitations (after the voluntary dismissal of an action in another jurisdiction), and service has still not been completed more than four months after the limitations period would have expired if the complaint was never filed.  *See Zapata* 502 F.3d at 198-199 (2d Cir. 2007).  Therefore, there is no good cause to further extend the period to complete service.

**B.  The Court Should Not Exercise Its Discretion to Extend Plaintiff's Time to Serve**

In the absence of good cause, the Court should decline to exercise its discretion to extend Plaintiff's time to serve Defendants.  Courts have typically weighed four factors in determining whether to grant an extension of time absent good cause: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision."  *Carroll v. Certified Moving & Storage, Co.*, 2005 U.S. Dist. LEXIS 48216 at *2 (E.D.N.Y. 2005) (citation and internal quotation marks omitted).  These factors are not determinative; "even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance

some colorable excuse for neglect." *Vaher v. Town of Orangetown, N.Y.*, 916 F.Supp.2d 404, 421 (S.D.N.Y. 2013).

The Court should not exercise its discretion to extend Plaintiff's time here.  First, as a threshold matter, no litigant who has attempted two times to effect service of opposing parties by fraud should receive the benefit of any discretionary relief.  *See e.g. Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934-35 (7th Cir. 2002) (citing the plaintiff's failure to properly effect timely service "with no even colorable justification" after holding that "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule") (emphasis added).  In view of Plaintiff's repeated fraud, it should not matter that the three year statute of limitations for malpractice and fraud would bar a refiled action.[6]  While this factor typically weighs in favor of the plaintiff, courts must keep in mind that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of plaintiff's neglect." *Zapata*, 502 F.3d at 198.  Thus, "even where the statute of limitations has run, 'courts have declined to extend the time to serve' where—as here— 'a plaintiff has failed to demonstrate diligence, establish good cause, and/or provide any excuse.'" *Jones, supra.* at *7 (S.D.N.Y. 2018); *Guerrero v. City of New York*, 2018 U.S. Dist. LEXIS 154755 at *6 (S.D.N.Y. 2018) (citing *Zapata*, 502 F.3d at 199 and *Vaher*, 916 F. Supp. 2d at 421 (S.D.N.Y. 2013)).  This is especially so, where Plaintiff was warned in a text order that failure to complete service within 120 days of the summons being issued could result in a dismissal of the action for failure to prosecute.  (*See* Doc. Entry #16); *see also Harmon*, 2019 U.S. Dist. LEXIS 20165 *11 (W.D.N.Y. 2019).  This is only further compounded by Plaintiff's failure to seek an extension of time to serve Defendants and filing false affidavits of service with the Court.

---

[6] As discussed further below, Plaintiff's claim for fraud is merely duplicative of the legal malpractice claim and thus, also subject to a three year statute of limitations.

Second, Defendants had no reason to anticipate that Plaintiff would be asserting these malpractice claims the day before the applicable three-year statute of limitations expired. While Defendants are now aware of this lawsuit, this is no substitute for proper service of process. *See Zapata* 502 F.3d at 198-199 (2d Cir. 2007); *see also Macchia v. Russo*, 67 N.Y.2d 592, 594 (1986) ("In a challenge to service of process, the fact that a defendant has received…notice of the action is of no moment. Notice by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.")

Third, Defendants have not concealed or attempted to conceal the defects in service. Rather, they have highlighted these deficiencies for Plaintiff and the Court. Within 15 days of a Hinshaw employee finding a copy of the First Amended outside of its lobby door, Defendants filed a motion to vacate the Clerk's default, detailing the deficiencies in service of process. (*See* Doc. Entry #23). Within a few short weeks of learning that Plaintiff allegedly made a second attempt to serve Mr. Supple, Defendants have filed another motion detailing the deficient service and seeking dismissal.

Finally, Defendants will be prejudiced if the Court further extends time to complete service because they will be forced to litigate a claim for which the statute of limitations and service period have expired. *See MacMillan v. Wegmans Food Mkt., Inc.*, 2014 U.S. Dist. LEXIS 152584 at *3 (W.D.N.Y. 2014) (declining to exercise a discretionary discretion even where "dismissal here will bar plaintiff's action due to the Title VII statute of limitations" because Defendant "would be forced to defend a time-barred action if the Court were to grant an extension for late service"). As such, Defendants' motion should be granted.

### POINT III
### Plaintiff's Legal Malpractice and Fraud Claims are Barred by the Statute of Limitations

As a result of Plaintiff's failure to timely serve Defendants, Plaintiff's claims are time barred. While the filing of a complaint tolls the statute of limitations, failure to complete service of the

15

summons within the time required by Rule 4(m) ends the tolling period, and the statute of limitations once again begins to run.  *See Frasca v. U.S.*, 921 F.2d 450, 453 (2d Cir. 1990).

Here, as discussed *supra.*, Plaintiff filed his complaint 1 day prior to the expiration of the statute of limitations for the malpractice and fraud claims.[7]  Pursuant to Rule 4(m), the statute of limitations was then tolled for the next 90 days (extended to 120 days as per the Court's August 27, 2020 text order (Doc. Entry #16)), but resumed running on or about November 21, 2020.  As discussed in Defendants' motion to vacate and herein, Plaintiff has failed to complete service on the Defendants within that time.  On November 22, 2020, the statute of limitations on Plaintiff's malpractice and fraud claims (asserted for the first time in the First Amended Complaint) expired.

As such, even if the fraud claim asserted for the first time in the First Amended Complaint relates back to the initial filing of the Complaint, as a result of Plaintiff's failure to timely and properly serve Defendants in accordance with Rule 4(m), the fraud claim is time barred as is Plaintiff's malpractice claim.  *See Frasca, supra.*

## POINT IV
### Plaintiff's Cannot Collaterally Attack the Judgment Rendered in the State Disbarment Action

The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims that are "inextricably intertwined with state court determinations."  *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002).  "A claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it' or where the

---

[7] When a claim for fraud is merely incidental to a claim for negligence/malpractice, it is subject to a three year statute of limitations.  *See Scott v. Fields*, 85 A.D.3d 756, 758 (2d Dep't 2011) (applying a 3 year statute of limitations to fraud claim that is incidental to the malpractice claim).  Here, the crux of Plaintiff's allegations against Defendants are that Defendants did not undertake certain actions in representing Plaintiff in the New York disciplinary proceeding that they stated would be taken.  (*Id.* ¶¶ 61-62).  In other words, Plaintiff alleges that Defendants did not fulfill their professional duties to Plaintiff during their representation of him and thus is incidental to the malpractice claim.  Additionally, Plaintiff failed to include his fraud claim in the original Complaint, raising it for the first time in the Amended Complaint filed 35 days after the fraud statute of limitations expired.

plaintiff had an opportunity to litigate it in state court." *Wu v. Levine*, 2005 U.S. Dist. LEXIS 21051 at *2 (E.D.N.Y. 2005) (citing *Pennzoll Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Federal courts lack subject-matter jurisdiction over actions that for all intents and purposes seek appellate review of a state court decision. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (citations omitted).

The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. Sometimes "federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). A federal suit "complains of injury from a state court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Id.*

A district court must dismiss a claim under *Rooker-Feldman* for lack of subject matter jurisdiction if four requirements are met: "First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must 'invite district court review and rejection of that judgment.' Fourth, the state court judgment must have been 'rendered before the district court proceedings commenced.'" *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citations and internal quotation marks omitted).

Here, Plaintiff lost in state court, on multiple occasions, resulting in his New York law license being revoked on March 8, 2018.  Plaintiff alleges that his injuries are the result of Mr. Supple's failure to undo the First Department's use of collateral estoppel as the basis for finding Plaintiff guilty of attorney misconduct.  Specifically, Plaintiff alleges that Mr. Supple neglected to file (1) a motion to clarify the Appellate Division's collateral estoppel order, or (2) a motion for reconsideration of the collateral estoppel order, or (3) a motion to stay the effectiveness of collateral estoppel disciplinary proceeding pending the outcome of Plaintiff's appeal in the divorce and custody case, and because Mr. Supple supposedly did not (4) engage in settlement negotiations with the Grievance Committee, he was prejudiced in his New York disciplinary proceeding.  (*See* Doc. Entry #11, p. 5-19).  Plaintiff also alleges this resulted in injury and damages to his West Virginia law license.  (*Id.* p. 20, ¶ 56).

In other words, the injury that Plaintiff alleges stems from the First Department's decisions, finding Plaintiff in violation of the rules of professional misconduct and disbarring him based upon Justice Cooper's findings in his divorce proceeding.  Plaintiff claims that he is not asking this Court to reject the First Department's disciplinary decision, however, Plaintiff's claim that Defendants' malpractice caused him harm would require this Court to determine that "but for" Defendants' actions, the disciplinary proceeding would not have resulted in the loss of his New York law license. This review would require this Court to conduct a hypothetical re-examination of the disciplinary proceeding and conclude that the state court wrongly decided Plaintiff's disbarment and to speculate that had different actions been taken a different judgment would have resulted.  *See Littman Krooks Roth Ball, P.C. v. New Jersey Sports Prod., Inc.,* 2001 U.S. Dist. LEXIS 12677 at *3 (S.D.N.Y. 2001) (finding that in order to evaluate a legal malpractice claim the trier of fact must engage in a hypothetical re-examination of the events at issue).  This type of collateral attack is expressly barred by *Rooker-Feldman.*  Plaintiff further contends that his injuries result from Defendant's actions and

not the state court judgment.  However, this is nonsensical as Plaintiff's alleged injury is the loss of his license to practice law, which resulted from the state court judgments finding him guilty of professional misconduct and revoking his license.  As such, this Court must dismiss the First Amended Complaint.

**POINT V**
**Plaintiff's Legal Malpractice Claim is Meritless**

Plaintiff has not pled and cannot prove Defendants' alleged malpractice.  To sustain a cause of action for legal malpractice, a plaintiff must show "(1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages." *Brooks v. Lewin*, 21 A.D.3d 731, 734 (1st Dep't 2005).  "In order to establish proximate cause, a plaintiff must demonstrate that but for the attorney's negligence, [plaintiff] would have prevailed in the underlying matter or would not have sustained any ascertainable damages" *Id.* "The test is whether a proper defense would have altered the result of the prior action." *D'Jamoos v. Griffith,* 2001 U.S. Dist. LEXIS 17595 at *5 (E.D.N.Y. 2001).  The failure to establish proximate cause mandates the dismissal of a legal malpractice action, regardless of the attorney's negligence. *See Brooks, supra.*

Plaintiff alleges that Defendants committed legal malpractice because Mr. Supple failed to file specific motions in his disciplinary proceeding collaterally attacking the Appellate Division's already-rendered order estopping him from denying egregious misconduct or engage in settlement discussions with the Grievance Committee, resulting in Plaintiff sustaining damages with respect to his West Virginia law license. (*See* Doc. Entry #11, ¶¶ 12, 56).  First, Defendants were never retained to represent him in connection with a separate disciplinary hearing involving his West Virginia law license.  Secondly, Plaintiff's allegations that Defendants' actions or inactions with regard to Plaintiff's New York disciplinary proceeding cannot support a finding that, but for those alleged actions, Plaintiff would not have lost his West Virginia law license.  The West Virginia bar authorities' decision to institute virtually automatic reciprocal proceedings based on their own

disciplinary rules, after an independent investigation of Plaintiff's conduct, resulting in the loss of Plaintiff's West Virginia law license, is not "fairly traceable" to Defendants' actions or inactions. *See* W. Va. R. Law. Disc. P. 3.20 (final adjudication of professional misconduct in another jurisdiction conclusively establishes the fact of such misconduct for purposes of reciprocal disciplinary proceedings); *see also Lawyer Disciplinary Bd. v. Folwell*, 2012 W. Va. LEXIS 529 (June 7, 2012, No. 11-1279) (same).  Rather, the alleged injury either stems from the state court determination to disbar Plaintiff, review of which is barred by *Rooker-Feldman* (*supra.*), or is "th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Hollander v. United States*, 354 F. App'x 592, 593 (2d Cir. 2009) (summary order) ("The links in the chain of causation here, which depend upon . . . independent actions . . . are too attenuated and too numerous...").

To the extent that Plaintiff claims that Defendants' failure to file motions in the New York disciplinary case resulted in damages related to his New York law license, Plaintiff fails to allege or establish the essential "but for" causation necessary to sustain such a claim.  In this regard, Defendants ask the Court to take judicial notice of Judge Cooper's February 29, 2016 decision in Plaintiff's underlying divorce proceeding finding, among other things, that Plaintiff had committed repeated acts of domestic violence against his former wife, gave false testimony and introduced false evidence during the state proceeding, violated court orders, engaged in frivolous litigation misconduct, was disrespectful to the state court, and baselessly accused third persons of improper acts, including his former father-in-law, who he wrongly accused of sexually abusing his young son. Defendants also ask that the Court take judicial notice of the First Department's November 21, 2017 affirmance of Justice Cooper's findings on appeal.  *See* Kraus Decl., Exhibit D; *see also Hayes v. Perotta*, 751 F. Supp. 2d 597, 599 (S.D.N.Y. 2010) (taking judicial notice of court proceedings, including transcripts and judicial opinions); *see also  Carrion v. Singh*, 2013 U.S. Dist. LEXIS 34181 at

*4 (E.D.N.Y. 2013) (noting that in adjudicating a motion to dismiss, court may take judicial notice of state court orders).

Plaintiff fails to plead facts demonstrating what a motion to clarify or reconsider would have accomplished or how either motion would have changed the outcome of his New York disciplinary case.  He does not allege the existence of dispositive new facts, a change in the law or that the Appellate Division misapprehended the law in granting collateral estoppel that could have been asserted in a motion to reconsider.  Nor does Plaintiff assert facts suggesting beyond self-serving speculation that if Defendants had sought to plea bargain with the Grievance Committee, the prosecutor would have been willing to bargain based on the record of Plaintiff's egregious misconduct or that lesser discipline would have resulted.  Instead, Plaintiff just disagrees with the Court's rulings.  *See Flutie Bros. LLC v. Hayes*, 2006 US Dist LEXIS 31379 (S.D.N.Y. 2006). "[S]peculation on future events is insufficient to establish that the defendant lawyer's malpractice, if any, was a proximate cause of any such loss"  *Brooks v. Lewin*, 21 A.D.3d 734-35 (1st Dep't 2005); *see also John P. Tilden, Ltd. v. Profeta & Eisenstein*, 236 A.D.2d 292, 293 (1997) (legal malpractice action based on theory of what Court of Appeals would have done had plaintiff's attorney timely served motion for leave to appeal was "'too speculative' to raise a genuine issue of fact with respect to proximate cause");*Schweizer v. Mulvehill*, 93 F.Supp. 2d 376, 380 (S.D.N.Y. 2000) (holding "[m]ere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case in malpractice).

Indeed, after Defendants withdrew from representing him, Plaintiff moved to stay the disciplinary proceeding pending the outcome of his appeal and sought vacatur of the findings in the divorce proceeding, all of which were rejected when the Appellate Division affirmed Justice Cooper's findings.  In fact, even if Plaintiff had obtained a stay or filed a motion to reconsider, upon the First Department affirming Justice Cooper's February 29, 2016 decision and affirming the

separate decision to impose sanctions against Plaintiff for his malicious and harassing conduct[8], the New York disciplinary proceeding would have proceeded based upon the numerous confirmed findings of professional misconduct and resulted in the same outcome, i.e. Plaintiff's disbarment. Moreover, the First Department's affirmance and demonstrated record of Plaintiff's misconduct make it highly unlikely that the First Department would have approved any plea bargain. *See* 22 NYCRR 1240.8(a)(5) (requiring a motion to Appellate Division to approve discipline imposed by consent of the parties).   As such, Plaintiff cannot claim that either of the Defendants' conduct caused actual and ascertainable damages and his malpractice claim should be dismissed.

## POINT VI
## Plaintiff's Claim for Fraud is Insufficiently Pled

Plaintiff has failed to plead fraud with sufficient specificity to meet the heightened pleading requirements of FRCP 9(b).  Rule 9(b) requires that fraud claims be pled with a level of specificity beyond the usual short and plain statement standard of Rule 8.  Thus, a complaint alleging fraud must: (a) specify the statements that the plaintiff contends were fraudulent; (b) identify the speaker; (c) state where and when the statements were made; and (d) explain why the statements were fraudulent.  *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).  Furthermore, in order to adequately allege a fraud claim, a plaintiff must allege (1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury.  *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009).  "While knowledge of the fraud or intent to defraud on the part of the defendant may be averred generally, Rule 9(b) also requires such allegations of scienter to be supported by facts giving

---

[8] *See* Kraus Decl., Exhibit E.

rise to a strong inference that defendant knew the statements to be false and intended to defraud plaintiff." *Arons v. Lalime*, 3 F. Supp. 2d 314, 325 (W.D.N.Y. 1998) (internal citation omitted).

Plaintiff alleges that Mr. Supple made representations during the course of the attorney-client relationship regarding motions he intended to file or actions he intended to take. (*See* Doc. Entry #11, ¶ 45). However, Plaintiff fails to allege why any of these alleged representations were false at the time they were made. In fact, Plaintiff offers nothing more than conclusory speculation as to the falsity of these statements as well as Mr. Supple's knowledge of any such falsity. *See Decker v. Nagel Rice LLC*, 2010 U.S. Dist. LEXIS 62042 (S.D.N.Y. 2010) (allegations insufficient where they do not state why representations made were false at the time they were made).

Moreover, a fraud claim can be "asserted in connection with charges of professional malpractice," but "only to the extent that it is premised upon one or more affirmative, intentional misrepresentations . . . which have caused additional damages, separate and distinct from those generated by the alleged malpractice." *Decker*, 2010 U.S. Dist. LEXIS 62042 at *4 (S.D.N.Y. 2010); *see also England v. Feldman*, 2011 U.S. Dist. LEXIS 36382 at *5 (S.D.N.Y. 2011) (dismissing claims as duplicative where they "ar[o]se from the same facts as the legal malpractice claim . . . and d[id] not allege any distinct damages other than the damages suffered as a result of the legal malpractice.") "Under New York law, courts will dismiss claims that are entirely duplicative when they are premised on the same conduct and seek the same relief," including claims for breach of contract, tortious interference, and fraud. *Neogenix Oncology, Inc. v. Gordon*, 133 F. Supp. 3d 539, 553 (E.D.N.Y. 2015).; *see also Nordwind v. Rowland*, 584 F.3d 420, 433 (2d Cir. 2009). Here, Plaintiff seeks damages for fraud based upon the very same conduct he alleges is the basis of his malpractice claim. As such, Plaintiff's fraud claim should be dismissed.

23

## POINT VII
## Plaintiff's Breach of Contract Claim Fails

Finally, Plaintiff's breach of contract claim must be dismissed as it is duplicative of his legal malpractice claim.  Under New York law, a sufficient pleading of a breach of contract claim must allege: "(1) the existence of a contract, (2) plaintiff's performance under the contract, (3) defendant's breach of the contract, and (4) resulting damages." *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525 (2d Cir. 1994).  A breach of contract claim is generally duplicative of a legal malpractice claim, *see Turk v. Angel,* 293 A.D.2d 284 (2000), unless a lawyer promises a specific result to his client or breaches an implied promise of due care.  *See Bastys v. Rothschild*, 2000 U.S. Dist. LEXIS 17944 at *28 (S.D.N.Y. 2000).  If the contract claim is merely redundant of a malpractice claim, it shall be dismissed.  *See Schweizer* at 398 (S.D.N.Y. 2000).

Plaintiff alleges a breach of an implied promise to use due care as a result of failing to file certain motions or engage in settlement discussions. (*See* Doc. Entry #11, ¶ 58).  Plaintiff's breach of contract claim does not involve distinct actual damages.  Rather, the breach of contract claim arises out of the same set of facts as the malpractice claim.  These allegations would require identical proof of a deviation from the professional standard of care, causation, and damages to the malpractice claim.  *See England, supra.; see also Flutie Bros. supra.* (dismissing plaintiff's breach of contract claim as duplicative of legal malpractice claim which was also dismissed for failure to sufficiently plead proximate cause); *see also Xiong Ping Tang v. Marks*, 133 A.D.3d 455, 456 (1st Dep't 2015). As such, the claim is duplicative of Plaintiff's allegations of malpractice and should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, it is clear that Plaintiff has failed to properly or timely serve the Defendants and cannot establish a basis for further extending the time to complete service.  As a result of Plaintiff's failure to timely serve, the statute of limitations has expired on Plaintiff's malpractice and fraud claims.  Additionally, Plaintiff's claims are barred by *Rooker-Feldman* and are substantively meritless.  For these reasons, Defendants respectfully request that the Court issue an Order dismissing Plaintiff's First Amended Complaint with prejudice and granting Defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            December 21, 2020

                    HINSHAW & CULBERTSON LLP
                    *Attorneys for Defendants*
                    *J. Rick Supple, Jr. and Hinshaw & Culbertson, LLP*

                    By: /s/ Schuyler B. Kraus
                         Schuyler B. Kraus
                    800 Third Avenue, 13th Floor
                    New York, New York 10022
                    Tel: (212) 471-6200
                    Fax: (212) 935-1166
                    skraus@hinshawlaw.com