```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANTHONY ZAPPIN,                                             :
                                    Plaintiff,              :
                                                            :   20 Civ. 5602 (LGS)
                -against-                                   :
                                                            :   ORDER
J. RICHARD SUPPLE, JR., et al.,                             :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 21, 2020, the Clerk of Court entered default as to Defendants J. Richard Supple, Jr., and Hinshaw & Culbertson LLP ("H&C").

WHEREAS, on November 3, 2020, Defendants filed a motion to set aside the entry of default. Defendants argue that there is no personal jurisdiction over them because they were not properly served and, in the alternative, that setting aside the default is warranted under the factors provided in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993).

WHEREAS, on December 7, 2020, Plaintiff filed a motion to set aside the entry of default and requesting an order directing Defendants to answer the Amended Complaint.

WHEREAS, on December 21, 2020, Defendants filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedures 4(m), 12(b)(2), 12(b)(5) and 12(b)(6). On January 12, 2021, Plaintiff filed a memorandum in opposition to Defendants' motion to dismiss. Defendants filed a reply memorandum on January 19, 2021.

WHEREAS, on January 11, 2021, Plaintiff filed a motion requesting that Defendants be deemed served or seeking an evidentiary hearing on the issue of service. Defendants filed a memorandum in opposition on January 25, 2021.

WHEREAS, the motions to set aside the default, motion to dismiss and motion for a

hearing were referred to Magistrate Judge Fox.

WHEREAS, on March 10, 2021, Judge Fox issued a Report and Recommendation ("Report") finding, *inter alia*, that service of process was insufficient as to both Defendants and recommending, *inter alia*, granting the motions to set aside the default in part; denying the request to dismiss the Amended Complaint per Rules 4(m), 12(b)(2) and 12(b)(5); and denying the motion for an evidentiary hearing. The remainder of the Report's findings and recommendations are not relevant to this Order and will be considered, if appropriate, in a later order.

WHEREAS, on March 24, 2021, Defendants filed an objection to the Report objecting to recommendations not relevant for this Order.

WHEREAS, in reviewing a magistrate judge's report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *accord Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**<u>Motions to Set Aside Entry of Default</u>**

WHEREAS, the Report recommends granting the parties' request to vacate the entry of default pursuant to Rule 55(c). All parties sought this relief and no party objected to this portion of the Report.

WHEREAS, the factual and legal bases underlying this recommendation are not clearly erroneous or contrary to law.

WHEREAS, the Report's recommendation to vacate the entry of default is adopted.

**Motion to Dismiss for Improper Service and Lack of Personal Jurisdiction**

WHEREAS, the Report recommends finding that there was insufficient service of process but denying dismissal under Rule 12(b)(5) because both Defendants had actual notice of the Complaint. No party objected to this portion of the Report.

WHEREAS, the factual and legal bases underlying the Report's finding that service on Defendants Supple and H&C insufficient are not clearly erroneous or contrary to law.

WHEREAS, the Report's finding that there was insufficient service as to both Defendants is adopted.

WHEREAS, to exercise personal jurisdiction over Defendants, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016); *accord Hines v. Roc-A-Fella Records, LLC*, No. 19 Civ. 4587, 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020). Because service was insufficient, there is no personal jurisdiction over Defendants.

WHEREAS, if a plaintiff shows good cause for failure to serve a defendant, Rule 4(m) requires an extension of the time for service. Fed. R. Civ. P. 4(m). Courts consider three factors to determine if good cause exists: "(1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure." *Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 143 (S.D.N.Y. 2016); *Hines*, 2020 WL 1888832, at *2.

WHEREAS, good cause for a mandatory extension does not exist. As to the first factor, the Report finds Plaintiff tried to effect service but did not follow appropriate processes to effect service sufficiently. Plaintiff rejected the opportunity for the U.S. Marshals Service to effect

service.  Plaintiff does not state that he requested Defendants to waive service or coordinate a time and place to effect service.  Plaintiff's effort to effect service was not reasonable.  As to the second factor, there will be no prejudice to Defendants if an extension is granted because, as the Report finds, Defendants had actual notice of the lawsuit.  As to the third factor, Plaintiff has not made a timely request to extend the time to effect service under Rule 6(b).  Weighing these factors does not support finding good cause.

WHEREAS, in the absence of good cause, a district court may exercise its discretion to grant an extension of time to effect service.  *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012); *accord Hines*, 2020 WL 1888832, at *2.  In exercising their discretion, courts consider various factors including "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service."  *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 404 (S.D.N.Y. 2020); *Hines*, 2020 WL 1888832, at *2.

WHEREAS, the relevant factors support issuing a discretionary extension of the time to effect service.  As to the first factor, there is insufficient information to make a full determination, but the statute of limitations would likely bar the action if refiled.  As to the second factor, the Report finds Defendants had actual notice of the claims.  As to the third factor, there is no evidence Defendants attempted to conceal a defect in service.  As to the fourth factor, for the reasons explained above, Defendants would not be prejudiced by extending Plaintiff's time for service.  Three of the four factors weigh in favor of a discretionary extension and the fourth factor is neutral.  It is hereby

**ORDERED** that the Report is adopted in part and modified in part.  The remainder of the Report and Defendants' motion to dismiss will be considered if Plaintiff properly effects service.

4

It is further

**ORDERED** that the motions to set aside the entry of default are granted in part. The portions of the motions seeking to vacate the default are granted. The entry of default is vacated. Defendants' request to dismiss the Amended Complaint for lack of personal jurisdiction is denied without prejudice. Plaintiff's requests for relief other than setting aside the entry of default are denied without prejudice.[1] It is further

**ORDERED** that Plaintiff shall effect service within 30 days of this Order. By June 18, 2021, Plaintiff shall file a letter not to exceed three pages that explains the method of service undertaken and includes a notarized affidavit setting forth the relevant facts. No further extensions will be granted absent extraordinary circumstances. If Plaintiff does not effect proper service within 30 days, this action may be dismissed for failure to prosecute. If Defendants seek to contest service, they shall file a letter not to exceed three pages within one week of Plaintiff's letter. Defendants' letter should explain the basis for the dispute and should be supported by facts provided in a notarized affidavit. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002); *accord Voice Tele Servs. v. Zee Telecoms Ltd.*, No. 19 Civ. 5257, 2021 WL 951640, at *3 (S.D.N.Y. Mar. 12, 2021). It is further

**ORDERED** that Plaintiff's motion for an evidentiary hearing on service of process is denied as moot.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the motions at Dkt. Nos. 23, 26 and 34.

Dated: May 19, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] In his motion to set aside the default, Plaintiff seeks an order directing Defendants to answer the Amended Complaint, an order deeming H&C served and permission to serve H&C by electronic means.

5