UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
     ANTHONY ZAPPIN,
                                Plaintiff,

                          20 Civ. 5602 (LGS)
          -against-

                          **OPINION AND ORDER**
     J. RICHARD SUPPLE, JR., et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Pro se Plaintiff Anthony Zappin brings this action against Defendants J. Richard Supple, Jr., and Hinshaw & Culbertson LLP ("H&C") alleging legal malpractice, breach of contract and fraud. Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6). Defendants' motion was referred to Judge Fox along with other motions, as described below. On March 10, 2021, Judge Fox issued a Report and Recommendation (the "Report") recommending, *inter alia*, the dismissal of Plaintiff's breach of contract and fraud causes of action but not the malpractice cause of action. On March 24, 2021, Defendants filed an objection to the Report's recommendation that Plaintiff stated a malpractice claim. For the following reasons, the Report is adopted in part and rejected in part. Defendants' motion to dismiss is granted pursuant to Rule 12(b)(6).

## I. BACKGROUND

### a. Procedural History

       Plaintiff filed this action on July 20, 2020. The initial Complaint was dismissed on July 27, 2020, for failing to plead adequately diversity jurisdiction.

Plaintiff filed an Amended Complaint on August 24, 2020. He thereafter sought a Clerk's Certificate of Default because Defendants did not appear in this action. Shortly after entry of the Clerk's Certificate of Default, Defendants filed an appearance.

On December 21, 2020, Defendants filed a motion to dismiss. On January 11, 2021, Plaintiff filed a motion requesting that Defendants be "deemed served" or that a hearing be held on the issue of service. The motions were referred to Judge Fox.

On March 10, 2021, Judge Fox issued the Report recommending, among other things, that Defendants be considered served; the breach of contract and fraud causes of action be dismissed for failure to state a claim; and the motion to dismiss the legal malpractice claim be denied because the Amended Complaint pleaded sufficient facts to show "but for" causation -- that, if Defendants had not committed the alleged acts of negligence, Plaintiff would not have been disbarred.

On March 24, 2021, Defendants filed an objection to the Report's recommendation that their motion to dismiss be denied on the malpractice cause of action. Plaintiff did not file an objection.

On May 19, 2021, a portion of the Report was adopted and modified. The certificate of default was set aside and Plaintiff was given an opportunity to serve Defendants. Plaintiff has properly served Defendants, and Defendants do not challenge service. The Report's recommendations on Defendants' motion to dismiss Plaintiff's claims are all that remain and are now under consideration.

    **b. Relevant Facts**

The following facts are taken from the Complaint and documents attached to or incorporated by reference in the Complaint and are assumed to be true for purposes of this

motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Plaintiff is an attorney who lost his license to practice law following disciplinary proceedings before the New York Attorney Grievance Committee ("NYAGC") for the First Judicial Department in New York, New York. Defendant J. Richard Supple, Jr., while a partner at Defendant Hinshaw & Culbertson, LLP, represented Plaintiff during a portion of his disciplinary proceedings.

On April 16, 2016, the NYAGC filed a petition in the Appellate Division of the First Department requesting that Plaintiff be found guilty of attorney misconduct based on his actions representing himself in a family law proceeding. The NYAGC asked the First Department to enter a finding of misconduct based on collateral estoppel and to refer the disciplinary proceedings to a referee to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction.

In the fall of 2016, the First Department issued an order granting the NYAGC's petition (the "Misconduct Order"). The Misconduct Order found Plaintiff "guilty of professional misconduct in violation of RPC 8.4(c), RPC 8.4(d), RPC 8.4(h), RPC 3.1, RPC 3.3(a)(1), RPC 3.3(a)(3) and RPC 3.3(f)(2) of the Rules of Professional Conduct." The violations relate to conduct involving dishonesty, fraud, deceit or misrepresentation; conduct that is prejudicial to the administration of justice; conduct that adversely reflects on the lawyer's fitness as a lawyer; conduct that is frivolous; making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law made to a tribunal; offering or using evidence that the lawyer knows to be false; and engaging in undignified or discourteous conduct.

A few days before the First Department issued the Misconduct Order, Plaintiff's then-counsel informed Plaintiff that she would withdraw from representing him. Plaintiff considered new counsel. Defendant Supple stated that, if retained, he would (1) file a motion to clarify the Misconduct Order, (2) file a motion for reconsideration of the Misconduct Order, (3) file a motion to stay the collateral estoppel proceeding pending the outcome of Plaintiff's appeal in the family law proceeding and (4) attempt to engage in settlement negotiations with the NYAGC. Defendant Supple did not take any of these actions. Plaintiff thereafter retained Defendants to represent him in the disciplinary proceedings.

A sanctions hearing was held in December 2016 before a referee to determine the appropriate sanction for Plaintiff's conduct. Defendant Supple did not take certain actions at the sanctions hearing. He did not ask for discovery of materials related to the family law proceeding, he did not object to the hearing or explain why Plaintiff had declined to testify, he did not request that the NYAGC place a copy of a document discussed in a deposition transcript into the disciplinary hearing record, he did not present evidence to disprove the facts underlying the Misconduct Order and he did not contest new allegations of attorney misconduct made by NYAGC in post-hearing briefs.

On August 3, 2017, the referee issued a report recommending that Plaintiff be disbarred. On March 8, 2018, the First Department issued a decision disbarring Plaintiff based on the findings from the court in the family law matter.

## II.     STANDARD

In reviewing a Magistrate Judge's Report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is

4

no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *accord Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotation marks omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise "a right to relief above the speculative level." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). Ordinarily, a pro se litigant's papers must be construed "liberally to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks omitted); *accord Greene v. Sampson*, No. 18 Civ. 6103, 2021 WL 355477, at *3 (S.D.N.Y. Feb. 2, 2021). This special solicitude is not extended to attorneys, including disbarred attorneys, such as Plaintiff. *United States v. Daugerdas*, No. 09

5

Crim. 581, 2020 WL 3472447, at *1 n.3 (S.D.N.Y. June 25, 2020), *aff'd*, 848 F. App'x 488 (2d Cir. 2021); *accord United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (declining to extend "special solitude" to disbarred attorney proceeding pro se).

## III.   DISCUSSION

### A.   Fraud and Contract Claims

Regarding the fraud and contract claims, the Report recommends (1) denying the part of Defendants' motion to dismiss seeking to dismiss Plaintiff's fraud claim as time barred, (2) granting Defendants' motion to dismiss Plaintiff's fraud claim for failure to comply with Rule 9(b) and (3) granting Defendants' motion to dismiss Plaintiff's breach of contract claim as duplicative. No party objected to these parts of the Report. The factual and legal bases underlying these parts of the Report are not clearly erroneous or contrary to law. These parts of the Report are adopted and Plaintiff's fraud and contract claims are dismissed.

### B.   Malpractice Claim

The Report recommends denying Defendants' motion to dismiss Plaintiff's malpractice claim. The Report recommends finding that (1) no basis exists on which to grant Defendants' motion to dismiss Plaintiff's malpractice claim as time barred, (2) dismissal is not warranted by the *Rooker-Feldman* doctrine and (3) the Amended Complaint sufficiently pleads a malpractice claim. Defendants object on the latter two grounds. They argue that the Amended Complaint does not sufficiently plead a breach of duty or causation as to the malpractice claim and that the *Rooker-Feldman* doctrine bars the malpractice claim. For the following reasons, the malpractice claim is dismissed. The part of the Report recommending a finding (1) that Plaintiff's malpractice claim is not time barred is adopted; (2) that dismissal is not warranted under the *Rooker-Feldman* doctrine is adopted and (3) that the Amended Complaint sufficiently pleads a

6

malpractice claim is rejected.

### a. The *Rooker-Feldman* Doctrine Does Not Apply

The *Rooker-Feldman* doctrine does not bar Plaintiff's malpractice claim. "Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005)), *certified questions on separate issue accepted*, 166 N.E.3d 1053 (N.Y. 2021). Application of the *Rooker-Feldman* doctrine requires four elements, the third of which requires that the plaintiff "invite district court review and rejection of [the state court] judgment." *Id.* Here, the Amended Complaint does not seek district court review and rejection of the state court's disbarment proceedings. Instead, the Amended Complaint seeks consideration of a counterfactual in which the alleged malpractice did not transpire, i.e., the Amended Complaint asks, if the purported malpractice had not taken place, would Plaintiff be in a better position than he is today. Because the Amended Complaint does not seek rejection of a state court judgment, the malpractice claim is not barred by *Rooker-Feldman*.

### b. The Amended Complaint Does Not State a Malpractice Claim

A claim for legal malpractice requires "[1] that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and [2] that the attorney's breach of this duty proximately caused plaintiff to sustain [3] actual and ascertainable damages." *83 Willow, LLC v. Apollo*, 135 N.Y.S.3d 11, 12 (1st Dep't 2020) (quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 867 N.E.2d 385, 387 (N.Y.

7

2007)). Proximate cause requires showing that "but for" the attorney's negligence, "plaintiff would have prevailed in the matter in question." *Knox v. Aronson, Mayefsky & Sloan, LLP*, 91 N.Y.S.3d 23, 27 (1st Dep't 2018).

The Amended Complaint fails to state a malpractice claim because it does not allege facts that plausibly show that, but for Defendant's alleged negligence, Plaintiff would not be disbarred. The Amended Complaint generally alleges malpractice arising from (1) Defendant's failure to challenge the Misconduct Order, which was issued before Plaintiff retained Defendants, and (2) Defendants' failure to take certain action during Plaintiff's sanctions hearing. As to the Misconduct Order, the Amended Complaint alleges no facts to suggest that a challenge to the order -- a motion to reconsider, motion to clarify, motion to stay or any other challenge filed by Defendants -- would have altered the First Department's finding that Plaintiff was guilty of multiple types of attorney misconduct.

As to Defendants' conduct during the sanctions hearing, the First Department's disbarment decision makes clear that the referee's role was "solely to consider evidence in mitigation or aggravation, and thereafter to recommend an appropriate sanction." *Matter of Zappin*, 73 N.Y.S.3d 182, 183 (1st Dep't 2018); *see also* 22 N.Y.C.R.R. § 1240.8 ("In presenting arguments on the issue of appropriate discipline for misconduct, the parties may cite any relevant factor, including but not limited to the nature of the misconduct, aggravating and mitigating circumstances, the parties' contentions regarding the appropriate sanction under the American Bar Association's Standards for Imposing Lawyer Sanctions, and applicable case law and precedent."). The Amended Complaint makes numerous allegations that Defendants failed to contest directly the findings of the Misconduct Order during the sanctions hearing, but there is nothing to suggest that the referee at the sanctions hearing was empowered to alter or disregard

the First Department's misconduct findings. The Amended Complaint makes no allegation that Defendants omitted any mitigating evidence or proffered any aggravating evidence that altered the outcome of the sanctions hearing. The Amended Complaint does not allege facts showing that, "but for" Defendants' purported negligence, Plaintiff would not have been disbarred. *See Knox*, 91 N.Y.S.3d at 27 (upholding decision dismissing legal malpractice claim where Plaintiff could not show that but for her attorney's negligence she would not have sustained a loss); *180 Ludlow Dev. LLC v Olshan Frome Wolosky LLP*, 87 N.Y.S.3d 20, 22 (1st Dep't 2018) ("While proximate cause is generally a question for the factfinder . . . it can, in appropriate circumstances, be determined as a matter of law"). For these reasons, Plaintiff's malpractice claim is dismissed.

## IV.  LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. Of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *6 (S.D.N.Y. June 17, 2020). Here, an opportunity to amend would not likely cure the deficiencies in the Amended Complaint. However, if Plaintiff believes he can cure the deficiencies identified in this Opinion and Order, he shall file a letter by July 15, 2021 seeing leave to amend and attaching the proposed Second Amended Complaint marked to show changes from the Amended Complaint.

## V. CONCLUSION

For the foregoing reasons, the remainder of the Report is ADOPTED IN PART, REJECTED IN PART, and Defendants' motion to dismiss is GRANTED. For clarity, the Report is adopted and rejected as follows:

- the Report's recommendations to deny the parts of Defendants' motion to dismiss seeking to dismiss the Amended Complaint for (1) failure to serve timely under Rule 4(m), (2) insufficient service of process under Rule 12(b)(5) and (3) lack of personal jurisdiction under Rule 12(b)(2) are adopted as modified because Defendants have now been served;

- the Report's recommendation to deny the part of Defendants' motion to dismiss Plaintiff's fraud and malpractice claims as time barred is adopted;

- the Report's recommendation to deny the part of Defendants' motion to dismiss seeking to dismiss the legal malpractice cause of action for failure to state a claim under Rule 12(b)(6) is rejected; and

- the Report's recommendations to grant the parts of Defendants' motion to dismiss seeking to (1) dismiss the fraud cause of action for failure to comply with the heightened requirements of Rule 9(b) and (2) dismiss the breach of contract cause of action as duplicative are adopted.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 29.

Dated: July 1, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE