UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

Plaintiff,

- against -

J. RICHARD SUPPLE, JR.; HINSHAW & CULBERTSON, LLP,

Defendant.

Docket No. 1:20-cv-05602-LGS-KNF

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**




**Hinshaw & Culbertson LLP**
**800 Third Avenue, 13th Floor**
**New York, NY 10022**
**(212) 471-6200 (Phone)**
**(212) 935-1166 (Facsimile)**
*Attorneys for Defendants*
*J. Richard Supple Jr. and Hinshaw & Culbertson, LLP*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 4

POINT I Plaintiff's Proposed Second Amended Complaint is Barred by Collateral Estoppel ..... 4

POINT II Plaintiff's Legal Malpractice Claim is Meritless ..... 5

POINT III Plaintiff's Second Amended Complaint Seeks to Collaterally Attack the Judgment Rendered in the State Disbarment Action ..... 11

POINT IV Plaintiff's Breach of Contract Claim Fails ..... 13

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Achtman v. Kirby, McInerney & Squire LLP*,
464 F.3d 328 (2d Cir. 2006)....................7

*Amica Mut. Ins. Co. v. Jones*,
85 A.D.2d 727 (2d Dep't 1981)....................8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)....................3

*Bastys v. Rothschild*,
2000 U.S. Dist. LEXIS 17944 (S.D.N.Y. 2000)....................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)....................3

*Brooks v. Lewin*,
21 A.D.3d 731 (1st Dep't 2005)....................5, 7

*Brookwood Co., Inc. v Alston & Bird LLP*
(Sup Ct, New York County, Sept. 17, 2015, Bransten, J., Index No. 653723/2014, at *9-11)....................10

*Cabrera v. Collazo*,
115 A.D.3d 147, 979 N.Y.S.2d 326 (1st Dep't 2014)....................9

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....................3

*Citibank, N.A. v. Graphic Scanning Corp.*,
459 F.Supp. 337 (S.D.N.Y. 1978)....................5

*Clissuras v. New York*,
131 A.D.2d 717, 517 N.Y.S.2d 39 (2d Dep't 1987)....................9

*D'Jamoos v. Griffith*,
2001 U.S. Dist. LEXIS 17595 (E.D.N.Y. 2001)....................5

*Day v. Moscow*,
955 F.2d 807 (2d Cir. 1992)....................4

*Matter of Donziger*,
186 A.D.3d 27 (1st Dep't 2020)....................11

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)....................11, 12

*Foman v. Davis*,
371 U.S. 178 (1962)....................2

*Green v. Mattingly*,
585 F.3d 97 (2d Cir. 2009)....................12

*Hoblock v. Albany County Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005)....................12

*Hollander v. United States*,
354 F. App'x 592 (2d Cir. 2009)....................6

*Jacobson v. Fireman's Fund Ins. Co.*,
111 F.3d 261 (2d Cir. 1997)....................4

*John P. Tilden, Ltd. v. Profeta & Eisenstein*,
236 A.D.2d 292 (1997)....................7, 11

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002)....................11, 12

*Lerner v. Hyde Park Prods. Corp.*,
1981 U.S. Dist. LEXIS 15860 (S.D.N.Y. 1981)....................5

*Littman Krooks Roth Ball, P.C. v. New Jersey Sports Prod., Inc.*,
2001 U.S. Dist. LEXIS 12677 (S.D.N.Y. 2001)....................13

*Lucente v. IBM Corp.*,
310 F.3d 243 (2d Cir. 2002)....................2

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)....................6

*Migra v. Warren City School Dist. Bd. Of Educ.*,
465 U.S. 75 (1984)....................4

*Operating Local 649 Annuity tr. Fund v. Smith Barney Fund Mgmt. LLC*,
595 F.3d 86 (2d Cir. 2010)....................3

*Rexnord Holdings, Inc. v. Bidermann*,
21 F.3d 522 (2d Cir. 1994)....................13

*Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*,
8 N.Y.3d 438 (2007)....................10

*Sassower v. Abrams*,
833 F. Supp. 253 (S.D.N.Y. 1993) (Leisure, J.) ....................4

*Schwartz v. Public Administrator*,
24 N.Y.2d 65, 298 N.Y.S.2d 955 (1969) ....................9

*Schweizer v. Mulvehill*,
93 F.Supp. 2d 376 (S.D.N.Y. 2000)....................7, 13

*Siracusa v. Sager*,
105 AD3d 937, 963 N.Y.S.2d 364 (2d Dept 2013) ....................10

*Sitomer v. Goldweber Epstein, LLP*,
139 A.D.3d 642, 34 N.Y.S.3d 8 (1st Dep't 2016) ....................7

*Thompson v. County of Franklin*,
15 F.3d 245 (2d Cir. 1994)....................4

*Turk v. Angel*,
293 A.D.2d 284 (2000) ....................13

*Warshaw Burstein Cohen Schlesinger & Kuh, LLP v. Longmire*,
106 A.D.3d 536, 965 N.Y.S.2d 458 (1st Dep't 2013), *lv denied,* 33 N.Y.3d 914Y.D.3d 456 (2019) ....................7

*Wu v. Levine*,
2005 U.S. Dist. LEXIS 21051 (E.D.N.Y. 2005)....................11

*Xiong Ping Tang v. Marks*,
133 A.D.3d 455 (1st Dep't 2015) ....................14

*Zappin v. Aronson, Mayefsky, & Sloan, LLP*,
1:16-cv-07417-LGS (S.D.N.Y. 2016)....................7

*Zappin v. Collazo*,
1:17-cv-08837-KPF (S.D.N.Y. 2017)....................7

*Zappin v. Cooper*,
1:16-cv-05985-KPF (S.D.N.Y. 2016)....................7

*Zappin v. Cooper*,
1:20-cv-02669-ER (S.D.N.Y. 2020) ....................7

*Zappin v. Dopico*,
1:19-cv-03781-LGS (S.D.N.Y. 2019)....................7

*Zappin v. Dopico*,
1:19-cv-10573-LGS (S.D.N.Y. 2019)....................7

**Statutes**

28 U.S.C. § 1257 .......... 11

**Other Authorities**

CPLR 5602, 5611 .......... 8

Rule 12(b)(6) .......... 2, 4

**PRELIMINARY STATEMENT**

Defendants J. Richard Supple, Jr. ("Mr. Supple") and Hinshaw & Culbertson, LLP ("Hinshaw") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint[1]. While leave to amend is freely granted, the Court should not do so where amendment would be futile. Plaintiff alleges Defendants committed malpractice because they failed to make various motions based upon evidence of his alleged innocence of the egregious misconduct attributed to him by Justice Cooper during his divorce proceeding. However, all of the evidence of Plaintiff's purported innocence was ultimately discredited and rejected when the First Department affirmed Justice Cooper's findings on appeal. As such, these allegations cannot establish the "but for" causation required to support a claim for malpractice. Furthermore, Plaintiff is collaterally estopped from bringing a claim in federal court based upon the final, undisturbed findings of the state court. Plaintiff also alleges that Defendants were negligent because they failed to challenge the use of collateral estoppel in his disciplinary proceedings, but Defendants withdrew as counsel prior to doing so and thus this allegation cannot sustain a malpractice claim. Finally, Plaintiff would have this court relitigate his divorce proceedings in order to find that the ultimately discredited evidence he relies upon would, if introduced in his disciplinary proceeding, have resulted in a different outcome. This is expressly prohibited by the *Rooker-Feldman* doctrine.

**STATEMENT OF FACTS**

From September 30, 2016, to July 21, 2017, Defendants represented Plaintiff in an attorney disciplinary proceeding brought by the Attorney Grievance Committee for the First Judicial Department in New York. On October 17, 2016, shortly after Plaintiff retained Defendants, the Appellate Division, First Department issued an order (in the aftermath of motion practice handled by other counsel) collaterally estopping Plaintiff from denying misconduct arising from his *pro se* actions in a New York state divorce and

---

[1] To the extent that Plaintiff's motion includes arguments challenging the July 1, 2021 Order, which confirmed the Magistrate's Report and modified it by dismissing the First Amended Complaint, Plaintiff waived his right to do so by failing to timely file any objection to the Magistrate's Report or opposition to Defendants' objections thereto.

child custody proceeding. Among other things, the Appellate Division found that Plaintiff had committed repeated acts of domestic violence against his former wife, gave false testimony and introduced false evidence during the state proceeding, violated court orders, engaged in frivolous litigation misconduct, was disrespectful to the state court, and baselessly accused third persons of improper acts.

Thereafter, Defendants withdrew from representing Plaintiff before a Referee appointed by the Appellate Division recommended his disbarment – a recommendation the Appellate Division accepted and ordered on March 8, 2018.

Plaintiff filed the instant action against Defendants on July 20, 2020.[2] (*See* Doc. Entry #1). On July 27, 2020, this Court entered an order dismissing the Complaint because Plaintiff failed to sufficiently allege the facts necessary to establish diversity subject matter jurisdiction. (Doc. Entry #10). The Court instructed Plaintiff to file an Amended Complaint within 30 days or suffer dismissal of the case for failure to prosecute. *Id.* On August 24, 2020, Plaintiff filed the First Amended Complaint, adding a cause of action for fraud, in addition to supplementing the allegations of diversity jurisdiction,. The entire First Amended Complaint was dismissed on July 1, 2021. (*See* ECF No. 53). Plaintiff now seeks leave to file a Proposed Second Amended Complaint alleging malpractice and breach of contract. (*See* ECF Doc. No. 56-1).

## LEGAL STANDARD

It is well-established that "leave to amend may be denied when the amendment would be futile." *Foman v. Davis,* 371 U.S. 178, 182 (1962). A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The Court therefore must apply the Rule 12(b)(6) standard in deciding the futility of the causes of action in Plaintiff's Proposed Second Amended Complaint.

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state

[2] On March 23, 2020, Plaintiff filed a separate lawsuit against the same Defendants in the United States District Court for the Southern District of West Virginia, Docket No. 3:20-cv-00210 (the "West Virginia Action"). In that complaint, as in the instant Complaint and Amended Complaint, Plaintiff asserted legal malpractice and breach of contract claims related to Defendants' representation of Plaintiff in the New York attorney disciplinary proceeding. Defendants moved to dismiss the West Virginia Action for lack of personal jurisdiction and Plaintiff subsequently elected to **voluntarily dismiss** the West Virginia Action.

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Operating Local 649 Annuity tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). A claim has facial plausibility when the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009).

The Court in *Iqbal* established a two-step approach for determining whether a complaint may survive dismissal. First, a Court need not accept legal conclusions as true as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is "context specific" requiring the Court to apply its judicial experience and common sense. *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. As such, "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1940. In determining whether a pleading states a claim upon which relief can be granted, the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, matters of which judicial notice may be taken, or documents integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002).

Here, Plaintiff's motion for leave to file his proposed Second Amended Complaint should be denied as futile because it fails to state a claim. Plaintiff's allegations of alleged actual innocence are barred by res judicata/collateral estoppel. Additionally, Plaintiff's allegations fail to establish the required "but for" causation to sustain a malpractice claim. Finally, Plaintiff's allegations are nothing more than a desperate attempt to relitigate the findings of his divorce proceeding that were affirmed on appeal, which is further barred by the *Rooker-Feldman* doctrine.

## ARGUMENT

## POINT I

**Plaintiff's Proposed Second Amended Complaint is Barred by Collateral Estoppel**

"[I]t is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion." *Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) (Leisure, J.) (citations omitted); *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994), ("*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." (citations omitted)); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (finding res judicata challenge properly raised on a 12(b)(6) motion if it is clear from the face of the complaint that plaintiff's claims are barred). The Constitution's Full Faith and Credit Clause requires a federal court to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984); *accord Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997).

Plaintiff's chief allegations are that Defendants failed to make motions to reargue/renew, a motion to clarify, or stay the Appellate Division's collateral estoppel order (or to somehow "settle" his case). Plaintiff's proffered bases for such motions are based upon his claims that Justice Cooper's findings in his divorce proceeding were unfounded and failed to appreciate evidence of his actual innocence. (*See* Proposed Second Amended Complaint p. 5-28). However, Justice Cooper's findings that Plaintiff had committed repeated acts of domestic violence against his former wife, gave false testimony and introduced false evidence during the state proceeding, violated court orders, engaged in frivolous litigation misconduct, was disrespectful to the state court, and baselessly accused third persons of improper acts, including his former father-in-law, who he wrongly accused of sexually abusing his young son, were all ultimately affirmed by the First Department on appeal. (*See* ECF Doc. No. 29-6). Thus, in order to sustain Plaintiff's malpractice action against Defendants, Plaintiff would have this court relitigate the affirmed findings of the state court divorce proceeding that served as the basis of his disbarment, which is expressly barred by the doctrine of

collateral estoppel. If Plaintiff had such evidence of his innocence to dispute these findings, he had the opportunity to present them through motion practice in the divorce proceeding or on appeal, but failed to do so. Plaintiff cannot now attempt to use discredited evidence as the basis of his proposed Second Amended Complaint against Defendants. *See Citibank, N.A. v. Graphic Scanning Corp.*, 459 F.Supp. 337 (S.D.N.Y. 1978) (where the party being estopped had a full and fair opportunity to litigate the issue in question, the party seeking to estop the re-litigation need not have been a party in the original action); *see also Lerner v. Hyde Park Prods. Corp.*, 1981 U.S. Dist. LEXIS 15860 (S.D.N.Y. 1981) (where issues have been decided in state court, plaintiff is collaterally estopped from relitigating them in federal court). As such, permitting Plaintiff leave to file the proposed Second Amended Complaint would be futile and Plaintiff's motion must be denied.

**POINT II**

**Plaintiff's Legal Malpractice Claim is Meritless**

Plaintiff has not pled and cannot prove Defendants' alleged malpractice, rendering amendment futile. To sustain a cause of action for legal malpractice, a plaintiff must show "(1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages." *Brooks v. Lewin*, 21 A.D.3d 731, 734 (1st Dep't 2005). "In order to establish proximate cause, a plaintiff must demonstrate that but for the attorney's negligence, [plaintiff] would have prevailed in the underlying matter or would not have sustained any ascertainable damages" *Id.* "The test is whether a proper defense would have altered the result of the prior action." *D'Jamoos v. Griffith,* 2001 U.S. Dist. LEXIS 17595 at *5 (E.D.N.Y. 2001). The failure to establish proximate cause mandates the dismissal of a legal malpractice action, regardless of the attorney's negligence. *See Brooks, supra.*

Plaintiff alleges that Defendants committed legal malpractice because Mr. Supple failed to file specific motions in his disciplinary proceeding or engage in settlement discussions with the Grievance Committee following his proper withdrawal as counsel, resulting in Plaintiff sustaining damages with respect to his New York law license, West Virginia law license, and, now, his District of Columbia law license as

well. (*See* Doc. Entry #56-1, ¶ 160). First, Defendants were never retained to represent Plaintiff in connection with a separate disciplinary hearing involving his West Virginia or District of Columbia law licenses. Secondly, Plaintiff's allegations that Defendants' actions or inactions with regard to the New York disciplinary proceeding cannot support a finding that, but for those alleged actions, Plaintiff would not have lost his out of state law licenses. The West Virginia and District of Columbia bar authorities' decision to institute reciprocal proceedings, based on their own disciplinary rules, after an independent investigation of Plaintiff's conduct, resulting in the loss of Plaintiff's West Virginia and District of Columbia law licenses, is not "fairly traceable" to Defendants' actions or inactions. Rather, the alleged injury either stems from the state court determination to disbar Plaintiff, review of which is barred by *Rooker-Feldman* (*infra*.), or is "th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Hollander v. United States*, 354 F. App'x 592, 593 (2d Cir. 2009) (summary order) ("The links in the chain of causation here, which depend upon . . . independent actions . . . are too attenuated and too numerous...").

To the extent that Plaintiff claims that Defendants' failure to file motions in the New York disciplinary case resulted in damages related to his New York law license, Plaintiff fails to allege or establish the essential "but for" causation necessary to sustain such a claim, particularly where Justice Cooper's findings in the divorce proceeding were upheld by the First Department and leave to the Court of Appeals was denied.

Plaintiff's claim that alleged evidence of altered text messages, authenticity of expert reports, and alleged photographs discrediting physical abuse allegations should have served as the basis of a motion to renew/reargue the September 19, 2016 Collateral Estoppel Order, are all based upon rejected and discredited evidence (*see* ECF Doc. No. 29-6) and thus cannot serve as a basis for sustaining a malpractice claim. As Justice Cooper's findings of misconduct were upheld on appeal, Plaintiff's notion that his unsupported alternate set of facts would have supported a motion to renew/reconsider and would have changed the outcome of his New York disciplinary case are pure fantasy. Plaintiff fails to allege the existence of

dispositive credible facts or a change in the law that would have led to a different result herein. Nor does Plaintiff assert facts suggesting beyond self-serving speculation that if Defendants had sought to plea bargain with the Grievance Committee, the prosecutor would have been willing to agree to a lower disciplinary sanction (and the Appellate Division would have approved such a hypothetical recommendation) notwithstanding that Plaintiff's extraordinary misconduct was already found by the time he retained Defendants.[3] "[S]peculation on future events is insufficient to establish that the defendant lawyer's malpractice, if any, was a proximate cause of any such loss" *Brooks v. Lewin*, 21 A.D.3d 734-35 (1st Dep't 2005); *see also John P. Tilden, Ltd. v. Profeta & Eisenstein*, 236 A.D.2d 292, 293 (1997) (legal malpractice action based on theory of what Court of Appeals would have done had plaintiff's attorney timely served motion for leave to appeal was "'too speculative' to raise a genuine issue of fact with respect to proximate cause");*Schweizer v. Mulvehill*, 93 F.Supp. 2d 376, 380 (S.D.N.Y. 2000) (holding "[m]ere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case in malpractice).

Furthermore, a legal malpractice claim asserting that an attorney failed to make a reargument motion will fail as a matter of law if the attorney's choice not to make the motion was objectively reasonable. *See Achtman v. Kirby, McInerney & Squire LLP,* 464 F.3d 328, 337 (2d Cir. 2006); *see also Sitomer v. Goldweber Epstein, LLP,* 139 A.D.3d 642, 643, 34 N.Y.S.3d 8 (1st Dep't 2016) ("Plaintiff failed to state a cause of action based on defendants' failure to move to reargue or reconsider the divorce judgment, since the decision of whether to make such a motion is a strategic one and plaintiff has not alleged adequately that such a motion would have been successful"); *see also Warshaw Burstein Cohen Schlesinger & Kuh, LLP v. Longmire,* 106 A.D.3d 536, 965 N.Y.S.2d 458 (1st Dep't 2013), *lv denied,* 33 N.Y.3d 914, 108 N.Y.D.3d 456 (2019). In consideration of the extraordinarily detailed 100-page Supreme Court decision subjected to collateral estoppel treatment, it

---

[3] Further, given Plaintiff's history of filing lawsuits against his former lawyers, judges, or opponents who take action against him, it is highly implausible that the prosecuting attorney for the Grievance Committee, having the benefit of the collateral estoppel order establishing Plaintiff's misconduct, would consider bargaining with Plaintiff, particularly when Plaintiff sent correspondence to the prosecuting attorney threatening to sue him personally, which is what prompted Defendants' withdrawal as counsel. *See Zappin v. Aronson, Mayefsky, & Sloan, LLP*, 1:16-cv-07417-LGS (S.D.N.Y. 2016); *Zappin v. Cooper*, 1:16-cv-05985-KPF (S.D.N.Y. 2016); *Zappin v. Collazo*, 1:17-cv-08837-KPF (S.D.N.Y. 2017); *Zappin v. Dopico*, 1:19-cv-03781-LGS (S.D.N.Y. 2019); *Zappin v. Dopico*, 1:19-cv-10573-LGS (S.D.N.Y. 2019); *Zappin v. Cooper*, 1:20-cv-02669-ER (S.D.N.Y. 2020).

was certainly "reasonable" for Defendants not to move the Appellate Division to clarify, stay or reconsider its order (or to baselessly accuse the New York Supreme Court of making "fabricated" rulings) merely because the collateral estoppel order itself was not lengthy or did not expressly reiterate the Supreme Court's findings of fact when pronouncing Plaintiff guilty of specific Rules of Professional Conduct.

Plaintiff's claim that it was malpractice for Defendants not to request a stay of his disciplinary proceeding pending the outcome of his appeal in his divorce proceeding is also futile. First, the established rule in New York is that the pendency of an appeal does not affect the judgment's use as an estoppel. *See Amica Mut. Ins. Co. v. Jones*, 85 A.D.2d 727 (2d Dep't 1981). Nonetheless, after Defendants withdrew from representing him, Plaintiff moved to stay the disciplinary proceeding pending the outcome of his appeal and sought vacatur of the findings in the divorce proceeding, all of which were rejected when the Appellate Division affirmed Justice Cooper's findings. In fact, even if Plaintiff had obtained a stay, upon the First Department affirming Justice Cooper's February 29, 2016 decision, the New York disciplinary proceeding would have proceeded based upon the numerous confirmed findings of professional misconduct and resulted in the same outcome, i.e. Plaintiff's disbarment. As such, Plaintiff cannot claim that either of the Defendants' conduct caused actual and ascertainable damages and his motion for leave to amend should be denied.

Additionally, Plaintiff's claims of malpractice premised upon Defendants alleged failure to challenge the use of collateral estoppel in his disciplinary proceeding is based upon a fundamental misconception of the procedural posture of his case. Here, because the Appellate Division made its rulings before the Defendants were retained, Defendants' only conceivable course to prevent Plaintiff's disbarment was to seek vacatur of the Appellate Division's collateral estoppel order **after** final discipline was imposed. *See* N.Y. CPLR 5602, 5611. Under New York law, that could be accomplished either on the ground that the issues decided against Plaintiff were not identical to the issues to be decided in his disciplinary proceeding (a near-impossible task given the above-referenced findings that Plaintiff repeatedly violated court orders and introduced false evidence) or on the ground that Plaintiff was deprived of a full and fair opportunity to

litigate the findings against him.[4] *See Schwartz v. Public Administrator,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955 (1969) (defining test for collateral estoppel in New York as having "two necessary requirements … [t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling"). Defendants were never able to seek such review on Plaintiff's behalf because they withdrew as his counsel before the Referee issued his recommendation of disbarment and **before** the Appellate Division's final order of discipline was issued on March 8, 2018. (*See* ECF Doc. No. 29-3); *see also Matter of Zappin, supra* (showing that Plaintiff litigated the March 8, 2018 Appellate Division order *pro se*). The attorney-client relationship between Plaintiff and Defendants therefore ended before a motion for leave to appeal to the Court of Appeals could have been made. (*See* ECF Doc. No. 29-4). Defendants cannot be guilty of violating a duty of care for purported acts or omissions occurring after their attorney-client relationship with Plaintiff ended. *See Cabrera v. Collazo,* 115 A.D.3d 147, 153, 979 N.Y.S.2d 326 (1st Dep't 2014) ("The absence of any attorney-client relationship bars an action for attorney malpractice as does the severance of the attorney-client relationship prior to any act of malpractice."); *Clissuras v. New York*, 131 A.D.2d 717, 517 N.Y.S.2d 39 (2d Dep't 1987) (no liability for malpractice where attorney withdrew after arranging for client's consultation with third party on her claim and thus failure to timely bring action was not attributable to attorney's conduct).

After Defendants' representation of Plaintiff ended, Plaintiff made a motion to the Court of Appeals challenging the use of collateral estoppel as the basis for finding him guilty of misconduct, but his motion was denied. (*See* ECF Doc. No. 29-5). Notably, Plaintiff does not (even with the benefit of hindsight) argue that **he** failed to make a dispositive argument that Defendants would have successfully made had they continued as his attorneys. Therefore, regardless of whatever hypothetical motions Plaintiff alleges

---

[4] Plaintiff contends that Defendants should have raised an objection to the use of collateral estoppel based upon a lack of formal notice that the findings in his divorce proceeding could serve as the basis for a disciplinary proceeding against him. However, this is not required under the law, but rather a full and fair opportunity to litigate the issue, which Plaintiff had in his divorce proceeding, specifically as his conduct was the subject of several motions for sanctions therein.

Defendants should have filed in his disciplinary proceeding, Plaintiff has failed to plead any facts plausibly demonstrating that the ultimate result would have been different, particularly given that the Appellate Division and Court of Appeals rejected all of Plaintiff's arguments. Moreover, Justice Cooper's findings as to Plaintiff's conduct in his divorce proceeding were affirmed on appeal, rendering as fanciful any notion that a motion to stay Plaintiff's disciplinary case pending that appeal would have been granted.

It should further be noted that, "to show the causation element, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence.' " *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007). Plaintiff's allegations in support of the malpractice claim — that Defendants failed to introduce evidence of his actual innocence, a claim that is unsupported by the record as Justice Cooper's findings regarding Plaintiff's conduct remained undisturbed on appeal, to introduce evidence of alleged improper conduct by Justice Cooper (irrelevant as to the confirmed findings of Plaintiff's own egregious misconduct), and the decision to make a limited presentation at Plaintiff's disciplinary hearing, i.e. failure to not have Plaintiff testify to express remorse (a sentiment diametrically opposed to Plaintiff's claims of innocence), etc.— are plainly disagreements with Defendants' professional decisions related to litigation strategy and are not actionable as a matter of law. *See id.*; *Siracusa v. Sager*, 105 AD3d 937, 938-39, 963 N.Y.S.2d 364 (2d Dept 2013); *Brookwood Co., Inc. v Alston & Bird LLP*, (Sup Ct, New York County, Sept. 17, 2015, Bransten, J., Index No. 653723/2014, at *9-11).

Finally, Plaintiff's reliance upon the case of Steven Donziger wherein Defendants made similar arguments on Mr. Donziger's behalf to the Court of Appeals is misplaced. First, these arguments were made to the Court of Appeals; in Plaintiff's case, Defendants were never able to seek such review because they withdrew as his counsel before the Referee issued his recommendation of disbarment and **before** the Appellate Division's final order of discipline was issued. (ECF Doc. No. 29-3). Nonetheless, Defendant Supple's arguments on Mr. Donziger's behalf are markedly different from Plaintiff's circumstances. Defendant Supple argued that the Court of Appeals should consider Mr. Donziger's appeal because he was

denied a full and fair opportunity to litigate the findings against him as a result of evidence not being available to him in his trial level case. Here, all of the "evidence" cited by Plaintiff was available to him during the course of his divorce proceeding and needed to be used by Plaintiff on a motion to reconsider/renew in the divorce proceeding or on appeal from Justice Coopers decision therein, which Plaintiff failed to do. Nonetheless, even assuming these allegations to be true, they only further bolster Defendants' position. Despite raising these arguments on Mr. Donziger's behalf, Mr. Donziger was likewise disbarred (and, in fact, the First Department found that the referee's consideration of evidence of Mr. Donziger's alleged innocence exceeded his authority given the court's prior estoppel orders). *See Matter of Donziger*, 186 A.D.3d 27 (1st Dep't 2020). Thus, Plaintiff's abject speculation that raising these arguments would have somehow resulted in a different outcome for him cannot support his frivolous cause of action for malpractice. *See John P. Tilden, Ltd. v. Profeta & Eisenstein*, 236 A.D.2d 292, 293 (1997). As such, Plaintiff's motion for leave to file a Proposed Second Amended Complaint must be denied.

**POINT III**

**Plaintiff's Second Amended Complaint Seeks to Collaterally Attack the Judgment Rendered in the State Disbarment Action**

In order for this Court to entertain Plaintiff's Proposed Second Amended Complaint, the Court would not only have to relitigate Plaintiff's disciplinary proceeding, but also the findings in his underlying divorce action, both of which are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims that are "inextricably intertwined with state court determinations." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). "A claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it' or where the plaintiff had an opportunity to litigate it in state court." *Wu v. Levine*, 2005 U.S. Dist. LEXIS 21051 at *2 (E.D.N.Y. 2005) (citing *Pennzoll Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Federal courts lack subject-matter jurisdiction over actions that for all intents and purposes seek appellate review of a state court decision. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only

federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (citations omitted).

The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. Sometimes "federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). A federal suit "complains of injury from a state court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Id.*

A district court must dismiss a claim under *Rooker-Feldman* for lack of subject matter jurisdiction if four requirements are met: "First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state court judgment must have been 'rendered before the district court proceedings commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citations and internal quotation marks omitted).

Here, Plaintiff lost in state court, on multiple occasions, resulting in his New York law license being revoked on March 8, 2018 as well as his out of state law licenses being revoked. Plaintiff alleges that his injuries are the result of Mr. Supple's failure to undo the First Department's use of collateral estoppel as the basis for finding Plaintiff guilty of attorney misconduct. In other words, the injury that Plaintiff alleges stems from the First Department's decisions, finding Plaintiff in violation of the rules of professional conduct and disbarring him based upon Justice Cooper's findings in his divorce proceeding. Plaintiff's claim that Defendants' malpractice caused him harm would require this Court to determine that "but for" Defendants' actions, the disciplinary proceeding would not have resulted in the loss of his New York law license. This

review would require this Court to conduct a hypothetical re-examination of the disciplinary proceeding and conclude that the state court wrongly decided Plaintiff's disbarment and to speculate that had different actions been taken a different judgment would have resulted. *See Littman Krooks Roth Ball, P.C. v. New Jersey Sports Prod., Inc.,* 2001 U.S. Dist. LEXIS 12677 at *3 (S.D.N.Y. 2001) (finding that in order to evaluate a legal malpractice claim the trier of fact must engage in a hypothetical re-examination of the events at issue). In fact, in order to specifically consider Plaintiff's rejected evidence of his innocence, this Court would further have to speculate as to what Justice Cooper would have ruled had he found Plaintiff's evidence to be credible. This type of collateral attack is expressly barred by *Rooker-Feldman*, rendering Plaintiff's proposed amendments futile.

**POINT IV**

**Plaintiff's Breach of Contract Claim Fails**

Finally, Plaintiff's breach of contract claim must be dismissed as it is duplicative of his legal malpractice claim. Under New York law, a sufficient pleading of a breach of contract claim must allege: "(1) the existence of a contract, (2) plaintiff's performance under the contract, (3) defendant's breach of the contract, and (4) resulting damages." *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525 (2d Cir. 1994). A breach of contract claim is generally duplicative of a legal malpractice claim, *see Turk v. Angel,* 293 A.D.2d 284 (2000), unless a lawyer promises a specific result to his client or breaches an implied promise of due care. *See Bastys v. Rothschild*, 2000 U.S. Dist. LEXIS 17944 at *28 (S.D.N.Y. 2000). If the contract claim is merely redundant of a malpractice claim, it shall be dismissed. *See Schweizer* at 398 (S.D.N.Y. 2000).

Plaintiff alleges a breach of an implied promise to use due care as a result of failing to file certain motions or properly represent him in the disciplinary proceeding. (*See* Doc. Entry #56-1, ¶¶ 161-165). Plaintiff's breach of contract claim does not involve distinct actual damages. Rather, the breach of contract claim arises out of the same set of facts as the malpractice claim. These allegations would require identical proof of a deviation from the professional standard of care, causation, and damages to the malpractice claim. *See England, supra.; see also Flutie Bros. supra.* (dismissing plaintiff's breach of contract claim as duplicative of

legal malpractice claim which was also dismissed for failure to sufficiently plead proximate cause); *see also Xiong Ping Tang v. Marks*, 133 A.D.3d 455, 456 (1st Dep't 2015). As such, the claim is duplicative of Plaintiff's allegations of malpractice and is thus futile.

## CONCLUSION

Based on the foregoing, it is clear that Plaintiff's Proposed Second Amended Complaint is meritless and Plaintiff's motion should be denied with prejudice along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 26, 2021

HINSHAW & CULBERTSON LLP
*Attorneys for Defendants*
*J. Richard Supple, Jr. and Hinshaw & Culbertson, LLP*

By: /s/ Schuyler B. Kraus
Schuyler B. Kraus
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166
skraus@hinshawlaw.com