UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                            :
 ANTHONY ZAPPIN,                            :
                            Plaintiff,      :
                                            :        20 Civ. 5602 (LGS)
            -against-                       :
                                            :              ORDER
 J. RICHARD SUPPLE, JR., et al.,            :
                            Defendants.  :
----------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Zappin moves for reconsideration of the October 7, 2021, Order

denying his motion for leave to file a second amended complaint (Dkt. No. 65);

WHEREAS, familiarity with the Order denying leave to file a second amended complaint

is assumed (*see* Dkt. No. 61);

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant]

identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*

*v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted);

*accord Lewis v. Nissan N. Am. Inc.*, No. 04 Civ. 562, 2021 WL 807126, at *1 (S.D.N.Y. Mar. 3,

2021).  The standard "is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked."  *Cho v. Blackberry*

*Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted).  A motion for reconsideration

is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a

rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc.*

*v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted);

*accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11

(S.D.N.Y. Aug. 4, 2021).  "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court . . . ."  *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (internal quotation marks omitted); *see also Tonga Partners*, L.P., 684 F.3d at 52.

WHEREAS, Defendant does not identify any change of controlling law, any new evidence, the need to correct a clear error or prevent injustice, but rather rehashes arguments already briefed and rejected by the Court and presents new theories and allegations.

In support of his motion to reconsider the holding regarding his motion to renew argument, Plaintiff rehashes the arguments already briefed and rejected by the Court and raises new allegations.  For the first time in his motion for reconsideration, Plaintiff alleges that his lawyer who preceded Defendants in representing him committed malpractice and that for reasons of substantial fairness in light of that malpractice, the First Department would have granted a motion to renew if Defendants had filed one.  Plaintiff's proposed second amended complaint does not include any allegation that his first lawyer committed malpractice and Plaintiff does not argue in his letter in support of his motion for leave to amend that his prior lawyer's conduct constituted malpractice or that his circumstances qualified for a substantive fairness standard of review.  A motion for reconsideration is not an opportunity to add new allegations or make new arguments.  *Analytical Surveys, Inc.*, 684 F.3d at 52 (holding that a motion for reconsideration is "not a vehicle for . . . presenting the case under new theories"); *Loren v. City of N.Y.*, No. 16 Civ. 3605, 2017 WL 5903358, at *3 (S.D.N.Y. Nov. 29, 2017) (collecting cases).  Plaintiff's remaining arguments regarding the motion to renew are merely recharacterizations of his prior arguments.

Regarding his argument that the Grievance Committee introduced uncharged assertions of misconduct, Plaintiff does not identify any overlooked fact or law.  Plaintiff requotes significant excerpts from his proposed second amended complaint and baldly asserts that the unlitigated accusations of misconduct "were blatantly improper under the law," but does not provide any basis for reconsideration of this issue.

Plaintiff's argument that the Court improperly usurped the role of the jury in determining but for causation does not identify any overlooked law.  As the Order denying Plaintiff leave to amend points out, in malpractice suits, like this one, questions of causation can be resolved on a motion to dismiss.  *See, e.g.*, *Knox v. Aronson, Mayefsky & Sloan, LLP*, 91 N.Y.S.3d 23, 27 (1st Dep't 2018) (upholding decision dismissing legal malpractice claim where Plaintiff could not show that, but for her attorney's negligence, she would not have sustained a loss); *180 Ludlow Dev. LLC v. Olshan Frome Wolosky LLP*, 87 N.Y.S.3d 20, 22 (1st Dep't 2018) ("While proximate cause is generally a question for the factfinder . . . it can, in appropriate circumstances, be determined as a matter of law.").  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 65 and to close the case.

Dated: November 2, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE